GARDINER, Judge.
Plaintiffs filed this suit against the three racing stewards at The Evangeline Downs Race Track, Parish of Lafayette, and the Louisiana State Racing Commission, a state agency, domiciled in the Parish of Orleans, in which they seek a judgment decreeing the orders of the Louisiana State Racing Commission to be null and void and of no effect. The orders of the racing commission complained of suspended Mr. Fox as a race horse trainer and imposed a fine on Mrs. Fox. In addition, they denied Mrs. Fox access to the race track. Plaintiffs also sought an injunction restraining and enjoining the defendants from enforcing the rules, regulations and orders of the Louisiana State Racing Commission insofar as they might apply to them and prayed for judgment declaring the act creating the Louisiana State Racing Commission, together with all its rules and regulations, unconstitutional, null and void.
On September 12, 1968, a restraining order was signed and a rule nisi was issued ordering the defendants to show cause on September 19, 1968, why a preliminary injunction should not issue as prayed for. On December 20, 1968, after two continuances and after trial, the district court rendered judgment on the rule denying Mr. Fox’s request for an injunction to set aside Order #8 of the Racing Commission. The judgment further denied Mrs. Fox’s request for an injunction to void Order #9 with regard to “ruling her off” the track, but granted her relief with regard to the fine imposed on her. On January 9, 1969, Mr. and Mrs. Fox perfected an appeal from that judgment.
Defendants have filed a motion to dismiss the appeal on the ground that plaintiffs lost their right to appeal by not timely applying for an appeal from the judgment of the District Court within the period of fifteen days from the date thereof as provided by LSA-C.C.P. art 3612. Plaintiffs oppose the dismissal of the appeal, contending that the trial of the case was heard on and the judgment appealed from relates to the final injunction and not the preliminary injunction. They take the position that the appeal was perfected within the ninety-day period provided by LSA-C.C.P. art. 2087 dealing with devolutive appeals in general.
Article 3612 of the Code of Civil Procedure provides in part, as follows:
“* * * An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
“Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.”
This article refers to appeals from judgments of the Court relating to restraining orders, preliminary and final injunctions.
*709 Article 2087 of the Code of Civil Procedure, relied upon by the plaintiffs, reads in part, as follows:
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of: * * *”
While it appears that the matter was tried as fully as if on the merits of the final injunction, the minutes of the court show that the only matter tendered to the court and submitted to it for adjudication under the rule nisi was “why a preliminary injunction should not issue in this case, as prayed for.” In their answer to respondent’s motion to dismiss plaintiffs admit that at the time of the trial there was no agreement or stipulation as to whether the trial conducted was for a preliminary injunction or for a final injunction.
We are satisfied that the lower court could not and did not dismiss plaintiffs’ case on the merits of the final injunction. Inasmuch as there was no stipulation that the matter was to he heard on the merits of the final injunction, defendants appeared as ordered under the rule nisi only to try the issue on the preliminary injunction and the judgment relates only to the preliminary injunction. See Ridge Park v. Police Jury of Jefferson Parish, 210 La. 351, 27 So.2d 128; and Baton Rouge Cigarette Service v. Bloomenstiel, La.App., 88 So.2d 742.
As it is clear from the record that the appeal is from a judgment relating to a preliminary injunction which must be taken within the fifteen-day period as provided by LSA-C.C.P. art. 3612, the appeal was perfected too late and must be dismissed. American Budget Plan, Inc. v. Landry, 187 So.2d 478; Third District Homestead Association v. Higgins, La. App., 160 So.2d 823.
For the reasons assigned, the motion is granted and the appeal is dismissed.
Appeal dismissed.