BLANCHE, Judge.
This is a devolutive appeal from a judgment in favor of plaintiffs and against defendant-appellant, Ray Lamastus, preliminarily enjoining defendant from filling in a canal known as Faciane Canal, located north of and generally parallel to a portion of the north shore of Lake Pontchartrain in St. Tammany Parish, or placing any structures or vessels in the canal so as to impede navigation thereon. Plaintiffs instituted this suit for injunctive relief, contending that defendant[1] had begun operations to close Faciane Canal, thereby depriving plaintiffs of access to Lake Pontchartrain. Defendant answered the suit, alleging that plaintiffs had access to Lake Pontchartrain by virtue of a suitable alternate canal.
The record shows that defendant acquired a tract of land consisting of eighty acres, which included a 700-foot length of the canal in question, as well as the alternate canal which forms a loop to the north of that part of Faciane Canal which defendant desired to fill. The record also shows that defendant had obtained permission from apparently all federal, state and local governmental agencies or regulatory authorities to proceed with his proposed filling of the 700-foot length of Faciane Canal traversing defendant’s property and the improvement and dredging of the alternate canal so as to give navigable access to Lake Pontchartrain through defendant’s property. The record also shows that the alternate canal is 900 feet in length.
Defendant testified that he was unable to utilize the property which he purchased for the intended commercial development unless he was able to fill in the 700-foot length of Faciane Canal. The trial judge concluded that notwithstanding defendant’s alleged ownership of the 700-foot length of Faciane Canal traversing defendant’s property, defendant could not legally fill in that canal and give plaintiffs access by resort to the alternate canal, on the authority of D’Albora v. Garcia, 144 So.2d 911 (La.App. 4th Cir. 1962), certiorari denied.
Defendant-appellant assigns numerous specifications of error, many of which deal with procedural aspects of the litigation, but the two substantive specifications involve (1) whether the trial court was correct in holding that Faciane Canal is a navigable waterway of the State of Louisiana or the United States of America, and (2) whether defendant could provide plaintiffs and other users with an alternate means of water access to Lake Pontchartrain.
*491 With regard to the first substantive specification of error, we are satisfied that the trial judge committed no manifest error in holding that the portion of Faciane Canal which defendant desires to fill in is indeed navigable, despite the fact that Faciane Canal is an artificial body of water. The record is replete with evidence establishing the various navigational uses to which Faciane Canal has been put for several years, including the renting of dock space by defendant for crew boats. (Record, p. 188)
Our review of the record and the law applicable to the case convinces us, however, that defendant’s second substantive specification of error is meritorious. The record establishes the defendant’s ownership of the area comprising the 700-foot length of Faciane Canal where the canal traverses defendant’s property. (Record, pp. 194-197) The argument of plaintiffs is essentially that notwithstanding defendant’s ownership of the area in question, defendant cannot fill in the 700-foot length of Faciane Canal, even though defendant accords plaintiffs and other users an alternate means of navigable access to Lake Pontchartrain, because such constitutes an obstruction of a navigable waterway which is reprobated by Louisiana Revised Statute 14:97, as construed and applied in D’Albora v. Garcia, cited supra.
In our opinion, D’Albora v. Garcia is distinguishable inasmuch as the canal in question therein was classified as an arm of the sea by virtue of its being affected by the ebb and flow of the tides in Lake Pontchartrain [2], and also by virtue of the fact that the intended action by defendant, Garcia, if not restricted, would result in plaintiff’s complete deprivation of a navigable access to Lake Pontchartrain.[3] The record in the instant case indicates that Faciane Canal is not affected by a regular ebb and flow of the tide and instead is only affected by the indefinite and uncertain rising or falling of the water level due to what is described as a “wind tide,” as distinguished from an “astronomical tide.” (Record, pp. 270-272) Similarly, in the instant case the defendant does not intend to deprive plaintiffs of a navigational access to Lake Pontchartrain but intends merely to relocate the access so as to be able to utilize his property.
The proposed action by defendant is expressly countenanced in Louisiana law with regard to servitudes of access or passage. Louisiana Civil Code Article 703, for example, provides the following:
“When the place for the passage is once fixed, he to whom this servitude has been granted can not change it, but he who owes this servitude may change it from one place to another, in order that it may be less inconvenient to him, provided that it afford the same facility to the owner of the servitude.”
Similarly, Louisiana Civil Code Article 777 provides:
“The owner of the estate which owes the servitude can do nothing tending to diminish its use, or to make it more inconvenient.
“Thus he cannot change the condition of the premises, nor transfer the exercise of the servitude to a place different from that on which it was assigned in the first instance.
*492 “Yet if this primitive assignment has become more burdensome to the owner of the estate which owes the servitude, or if he is thereby prevented from making advantageous repairs on his estate, he may offer to the owner of the other estate a place equally convenient for the exercise of his rights, and the owner of the estate to which the servitude is due can not refuse it.”
In construing Louisiana Civil Code Article 703 and approving a relocation of a servitude of passage, the Fourth Circuit Court of Appeal in Conrad v. Reine, 240 So.2d 915 (La.App. 4th Cir. 1970), held that the owner of immovable property abutting a highway was within his rights when he moved the adjoining landowner’s driveway from one point to another in order to make use of his own property, even though as a result thereof the adjoining landowner had to make a curving maneuver in order to get into his carport.
The evidence in the instant case establishes defendant’s private ownership of the 700 feet of Faciane Canal traversing defendant’s property. There can be little doubt that the canal can be subject to private ownership and dominion. See, for example, Louisiana Constitution Article 13, Section 6; Louisiana Revised Statutes 34:-341 through 346.
For the foregoing reasons, the judgment of the trial court granting plaintiffs a preliminary injunction against defendant is reversed. Inasmuch as there was no stipulation that the trial on the rule for preliminary injunction would also constitute the trial on the merits seeking a permanent injunction as prayed for by plaintiffs, the suit is not dismissed but is remanded to the trial court, Olsen v. City of Baton Rouge, 247 So.2d 889 (La.App. 1st Cir. 1971). All trial court costs in connection with the trial of the rule for preliminary injunction and all costs of this appeal are assessed to plaintiffs.
Reversed and remanded.

. Plaintiffs also named as defendants in this litigation two corporations, Saray, Inc., and Lamastus and Associates, Inc., but judgment was rendered in favor of these two defendants dismissing the suit as to them.. No appeal has been taken from the judgment dismissing these defendants, and they are no longer before the Court.

. “The waters of the lake are affected by the tides, and, in the canal, the tides ebb and flow regularly, although to a lesser degree. The canal may, therefore, be properly classified as an arm of the sea, as is the lake to which it is attached.” (D’Albora v. Garcia, 144 So.2d at 914.)

. “Defendant owns a tract of land on the shores of Lake Pontchartrain where the canal enters the lake. Adjacent to his property and through which the canal also runs is a tract owned by the State of Louisiana, used as a park. Beyond and adjoining the park is plaintiff’s property. Farther beyond plaintiff’s property are the properties of other owners and occupants whose only access to the lake, as that of plaintiff herein, is through the canal.” (D’Albora v. Garcia, 144 So.2d at 912 — Emphasis added)