LANDRY, Judge.
This court ex proprio motu ordered appellant, Pier I Imports, Inc. (Pier), to show cause why its appeal from a judgment rejecting its demand for an injunction restraining and prohibiting the Honorable Sargent Pitcher Jr., District Attorney, Nineteenth Judicial District, East Baton Rouge Parish, from criminally prosecuting appellant for alleged violation of the “Sunday Closing Law”, should not be dismissed for failure of appellant to timely file the required appeal bond. We recall in part, and sustain in part, the motion to dismiss the appeal.
Appellant’s petition prays for both a preliminary and permanent injunction prohibiting and restraining the District Attorney from proceeding with the criminal prosecution in question. Pursuant to a previously obtained show cause order, a hearing on the merits of the request for both preliminary and permanent injunctions was held on February 24, 1972. Judgment was read, rendered and signed, in open court, on February 25, 1972, rejecting appellant’s demands and recalling the show cause order issued to the District Attorney. Pier appealed on February 25, 1972, and posted the prescribed appeal bond on March 17, 1972.
LSA-C.C.P. art 3612 provides there shall be no suspensive appeal from a judgment or order relating to either a preliminary or permanent injunction. The cited article also provides that a devolutive appeal may be taken from an order or judgment relating to a preliminary injunction, but that such an appeal must be taken and the bond required therefor furnished within fifteen days of the date of the order or judgment. Footnote (b) of the redactor’s comment appearing under Article 3612, above, makes it clear that the article has no application to the time for taking a devolutive appeal from an order or judgment relating to a permanent injunction.
The time for taking a devolutive appeal from an order or judgment relating to a permanent injunction is fixed at 90 days pursuant to LSA-C.C.P. art. 2087. Since the present appeal was taken and bond furnished within the required 90 day period, this appeal must stand insofar as it seeks review of that portion of the trial court’s judgment which denied appellant’s demand for a permanent injunction.
Accordingly, the motion to dismiss is made absolute insofar as it relates to appellant’s appeal from that portion of the trial court’s judgment dismissing appellant’s demand for a preliminary injunction. The motion to dismiss is recalled and set aside, however, insofar as it seeks rejection of appellant’s demand for a permanent injunction.
Appeal dismissed in part and sustained in part.