321 So.2d 789 (1975)
SPRINGLAKE HOMEOWNERS ASSOCIATION, INC.
v.
Charles J. PECOT.
SPRINGLAKE HOMEOWNERS ASSOCIATION, INC.
v.
Yvette Pecot, wife of and Ronald J. MILAZZO.
Nos. 7295, 7296.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1975.
Guste, Barnett & Colomb, Dennis C. Strayhan, New Orleans, for plaintiff-appellant.
Monroe & Lemann, Herman C. Hoffmann, Jr., New Orleans, for Yvette Pecot, wife of/and Ronald J. Milazzo, defendants-appellees.
Before SAMUEL, LEMMON and BOUTALL, JJ.
BOUTALL, Judge.
On the Motion to Dismiss.
Appellant, Spring Lake Homeowners Association, Inc., has filed an appeal from an *790 adverse judgment of the Civil District Court "dismissing the injunction prayed for herein at their cost. All other demands are hereby dismissed." The appellees have filed a Motion to Dismiss, based upon the ground that the judgment appealed from was rendered in connection with the hearing for a preliminary injunction, and the appeal is not timely, because not within the period of 15 days from the date thereof as provided by LSA-CCP Article 3612. Appellant's position is that the appeal was timely taken as a devolutive appeal from a judgment on the merits and call attention to the wording which, they contend, dismisses the merits of the suit.
We agree that the judgment is ambiguous, and could lead to an interpretation that it dismissed all demands in the law suit. Under this interpretation, we would dismiss the appeal insofar as it concerned itself with the preliminary injunction matters, but grant the appeal insofar as it related to dismissal of the merits. Pier 1 Imports, Inc. v. Pitcher, 264 So.2d 674 (La.App.1st Cir. 1972). However the record in this case shows only that the matter tried before the court was a rule nisi for a preliminary injunction, and there was no stipulation between the parties that such a hearing would also be considered as a hearing on a permanent injunction. We have considered a somewhat similarly worded judgment in the case of Fox v. Louisiana State Racing Commission, 223 So.2d 707 (La.App.4th Cir. 1969), and concluded that the injunction only applied to matters heard on the preliminary injunction. We are led to a similar result herein for the following reasons.
A judgment denying a writ of preliminary injunction does not conclude the proceedings. The action remains pending in the trial court until the proceedings are dismissed by stipulation of the parties or by judgment of the court after full trial on the merits of the permanent injunction. Baton Rouge Cigarette Service v. Bloomensteil, 88 So.2d 742 (La.App.1st Cir. 1956); see generally Kar Products Inc. v. Robison, 303 So.2d 261 (La.App.2d Cir. 1974); Jefferson Parish v. Universal Fleeting Company, 234 So.2d 88 (La.App.4th Cir. 1970); Cloud v. Dyess, 172 So.2d 528 (La.App.3rd Cir. 1965). Indeed, a trial court which denies a preliminary injunction is without power to order dismissal of the action therewith. Olsen v. City of Baton Rouge, 247 So.2d 889 (La.App.1st Cir. 1971); Pizzitola v. Pace, 161 So.2d 441 (La.App.4th Cir. 1964); Discon v. Saray, Inc., 255 So.2d 489, 492 (La.App.1st Cir. 1971).
The validity of the judgment of the trial court should be presumed, and it should not be given an interpretation which would make it invalid. Hence an interpretation which concludes that the "injunction" and the "demands" refer to the permanent injunction and the demands on the merits would cause the invalidity of the judgment. Since the only matter before the court was the preliminary injunction, we conclude that those words only apply to the preliminary injunction and, so concluding, the appeal herein should be dismissed. Fox v. Louisiana State Racing Commission, supra. Morris v. Transtates Petroleum, Inc., 258 La. 311, 246 So.2d 183 (1971).
Accordingly, the Motion to Dismiss is maintained, the appeal is dismissed and this matter is remanded to the trial court for such further proceedings as may be appropriate on the merits of the case. Costs to await a final determination of the merits.
Motion sustained; appeal dismissed.