442 So.2d 522 (1983)
Lloyd PICKERING, d/b/a American House Movers, et al.
v.
The CITY OF BATON ROUGE, Parish of East Baton Rouge and J. Ben Meyers, Jr.
No. 83 CA 0060.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*523 Stephen M. Irving, Baton Rouge, for plaintiff-appellee Lloyd Pickering d/b/a American House Movers and Demolishing Co., et al.
James J. Zito, Baton Rouge, for defendants-appellants City of Baton Rouge, Parish of East Baton Rouge.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment ordering the city to grant a permit to move a building into the parish and enjoining the city from refusing to issue such permits in the future.
Lloyd Pickering, d/b/a American House Movers and Demolishing Company, J.W. Johnson, d/b/a Capital City House Movers, and Alex Pickering, d/b/a Baton Rouge House Movers, filed suit against the City of Baton Rouge, the Parish of East Baton Rouge, and J. Ben Meyers, Jr., a city-parish building official. Lloyd Pickering applied for a permit to move a building from New Orleans into the city of Baton Rouge. J. Ben Meyers, Jr., a building official with the city-parish, denied the permit. The basis of the denial was a memorandum opinion rendered by an assistant parish attorney setting forth that moving permits would not be issued for buildings unless they are "up to standard" at the time they are to be moved into the parish. The remaining plaintiffs joined in the suit complaining that other permits had been denied on the same grounds. In their suit, plaintiffs requested a review of the city's decision denying a permit to Lloyd Pickering and declaratory and injunctive relief concerning the parish attorney's interpretation of the disputed provisions of the Baton Rouge City Code.
The trial court ruled in favor of the plaintiffs, and defendants were ordered to issue to Lloyd Pickering a permit to move the house. Further, defendants were enjoined from refusing to issue permits to move buildings into the parish on the grounds that the buildings do not meet the City-Parish Building Code prior to being moved. Defendants thereafter perfected this devolutive appeal. Plaintiffs answered the appeal requesting damages for frivolous appeal.
We note at the outset that the trial court judgment was signed on November 10, 1982, and a devolutive appeal was perfected by defendants on December 16, 1982. An appeal from an order or judgment *524 relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. LSA-C.C.P. art. 3612. Therefore, the appeal from that portion of the judgment relating to the preliminary injunction was not timely perfected and is not properly before this court. However, the remainder of defendants' appeal was taken within the sixty day delay provided for devolutive appeals from final judgments and is properly before the court. LSA-C.C.P. art. 2087; Brickman v. Board of Directors of West Jefferson General Hospital, 363 So.2d 86 (La.App. 4th Cir. 1978); Pier 1 Imports, Inc. v. Pitcher, 264 So.2d 674 (La.App. 1st Cir.1972).
The sole issue on appeal is whether the trial judge was correct in ordering the permit to be issued.
Appellants contend that the ruling of the trial judge gave the appearance that the city ordinance was unconstitutional. Appellants further argue that because the ordinance is neither unreasonable nor arbitrary, the ruling of the trial court should be reversed.
A review of the record convinces us that the constitutionality of the ordinance was never at issue. Plaintiffs do not allege in their petition that the ordinance is unconstitutional. They merely allege that the opinion of the parish attorney concerning the ordinance is "arbitrary, unreasonable, and incorrect" and that under the jurisprudence interpreting Art. 1, Sec. 2 of the 1974 Louisiana Constitution, they are protected from arbitrary and unreasonable government action. Further, the judgment rendered by the district court does not declare the ordinance or any part of it unconstitutional. Therefore, we need not consider the constitutionality of the ordinance on appeal.
Appellants contend that the city is properly interpreting and enforcing the code by refusing to allow houses that are not up to city-parish standards to be moved into the city. Appellants further contend that such an interpretation is necessary in order to give force to the legislative intent which is to prevent the entrance of hazardous buildings into the city-parish. Concerning the permit for Lloyd Pickering, appellants argue that allowing him to move the building would create a hazardous situation and would present a threat to the health and safety of the public.
The facts are undisputed. The parties stipulated that Lloyd Pickering was denied a permit to move a building into the parish "because of a Parish Attorney's opinon [sic] which stated that all property to be moved from outside the Parish into the Parish must be up to Building Code standards at the time structures are moved, and for no other reason."
The disputed provision of the Baton Rouge City Code is found in Title 8A, Chapter 2, Sec. 12 and provides:
"It shall be unlawful for any person or persons, firm or corporation to move any building which has been condemned or buildings not up to city-parish standard into the City of Baton Rouge or Parish of East Baton Rouge outside the corporate limits of the cities of Baker and Zachary."
The parish attorney has interpreted this section of the code as follows:
"The section clearly states that the buildings have to be up to standard at the time they are moved into the Parish in order for them to remain. Thus, it appears that on the facts you have given me, permits should not be issued on the buildings unless they were up to standard at the time they came into the Parish."
We believe that the opinion of the parish attorney is incorrect in light of the fact that he relied solely on the ordinance quoted above and failed to consider additional provisions of the code.
The provisions of Title 8, Chapter 5 of the Baton Rouge City Code regulate the moving of buildings. In Section 506 of Title 8, the Code sets forth the standards for issuance of a moving permit. The circumstances under which a permit shall be denied include the following: (1) the building proposed on the new site does not meet *525 the building, plumbing, and electrical codes; (2) zoning, fire prevention or other ordinances would be violated by the building in its new location; (3) the building is deteriorated or otherwise structurally unsafe and if moved would endanger persons and property in the city; or (4) for any reason persons or property in the city would be endangered by the moving of the building.
The code also requires that a person seeking a permit to move a building must first file an application for such permit (Title 8, Chapter 5, Sec. 503). The application must include detailed construction plans showing the improvements to be made at the new site. All of the improvements shall conform to the provisions of the building code. In addition, the code provides a penalty of $200.00 or imprisonment for sixty days or both where the improvements are not completed within six months of the time the plans are submitted. (Title 8, Chapter 5, Sec. 505).
Finally, the code lists duties of the permittee. (Title 8, Chapter 5, Sec. 507). Among the duties listed is the following: "Comply with the building code, the fire zone, the zoning ordinance and all other applicable ordinances and laws upon relocating the building in the city."
Laws must be construed as a whole and each part must be given effect where such a result can be reasonably achieved. It cannot be presumed that meaningless clauses and phrases were enacted. Groves v. Board of Trustees of Teach. Retire. Sys., 324 So.2d 587 (La.App. 1st Cir.1975), writs denied, 326 So.2d 378, 380 (1976).
We recognize that Title 8A, Chapter 2 of the Baton Rouge City Code does prohibit moving buildings which are not up to the city-parish standard into the city. However, we find that this absolute prohibition of Title 8A is applicable only in circumstances where one has not complied with the codal requirements of Title 8 which are outlined above. To hold otherwise would render useless large portions of Title 8 which were enacted to regulate the moving of buildings.
We note that under our holding every section of the code is given effect, and accordingly, the city retains the right to deny permits. For example, the city may deny a permit where the applicant has not complied with codal requirements concerning the submission of proposed construction plans, or where despite such compliance, the city determines that allowing the building to be moved would endanger persons or property within the city.
Therefore, we affirm the ruling of the trial court ordering the city to grant plaintiff-Lloyd Pickering a permit to move a building from New Orleans to Baton Rouge. Although appellants have argued in brief that moving the building was hazardous to the health and safety of the public, this allegation is not substantiated by the record. It was stipulated at trial that the permit was denied solely on the basis of the parish attorney's opinion regarding the Title 8A provision, i.e., the permit was denied because the building was not up to standard at the time it was to be moved. Because of our interpretation of the provision in question, we affirm the ruling of the trial court ordering the city to grant plaintiff-Lloyd Pickering a permit.
Appellees have answered the appeal requesting damages for frivolous appeal, including reasonable attorney fees. In support of this, appellees allege that the position of appellants is completely without merit.
Under LSA-C.C.P. art. 2164, appellate courts have the authority to award such damages. However, appeals are favored under the law and damages for frivolous appeal will not be granted unless they are clearly due. Maxwell v. State, Dept. of Transp., Etc., 391 So.2d 1230 (La.App. 1st Cir.1980), writ denied, 394 So.2d 281. Damages will be awarded only when there are no serious legal questions, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he *526 advocates. Salmon v. Hodges, 398 So.2d 548 (La.App. 1st Cir.1979); Jackson v. East Baton Rouge Par. Sch. Bd., 348 So.2d 739 (La.App. 1st Cir.1977).
We find that the contention by appellees that the appeal is completely without merit is not a sufficient basis to award damages for frivolous appeal.
For the above reasons, the judgment of the district court is affirmed. Costs on appeal are to be paid by appellants.
AFFIRMED.
PONDER, J., concurs in the result.