CRAIN, Judge.
After a thorough review and evaluation of the record, we are convinced that the evidence supports the facts found and the reasons assigned by the Board of Ethics for Elected Officials which we hereby adopt.
Appellants’ position that he cannot be held to have violated the Code, because he did not intend to, has been decided adversely to him by the Louisiana Supreme Court in Glazer v. Commission On Ethics For Public Employees, 431 So.2d 752 (La.1983).
We affirm at appellant’s cost.
AFFIRMED.
OPINION OF THE BOARD OF ETHICS FOR ELECTED OFFICIALS
OPINION NO. 82-46
DATED: June 29, 1983.
FILED: June 29, 1983
RE: Investigation of alleged violation of the Code of Ethics by Cade Williams, Registrar of Voters (Tangipahoa Parish) Docket No. 82-46.
On February 17, 1983 the Board of Ethics for Elected Officials (the “Board”) conducted a public hearing, in the parish of Respondent’s domicile, for the purpose of exploring the following:
CHARGES
I.
That Cade Williams has violated Section 1112A of the Code of Governmental Ethics (LSA — R.S. 42:1112) by having personally called a June 29, 1982 Special Session of the Tangipahoa Parish Police Jury at which he expected the Police Jury to discuss the appointment of himself as the Registrar of Voters.
II.
That Cade Williams has violated Section 1112A of the Code of Governmental Ethics by having voted against a substitute motion to appoint Mrs. Sonja O. Lea as Registrar of Voters at the forementioned [sic.] June 29, 1982 Special Session of the Tangipahoa Parish Police Jury, which motion was a substitute motion to an original motion for the appointment of himself as Registrar of Voters.
III.
That Cade Williams has violated Section 1112A of the Code of Governmental Ethics by, at the forementioned [sic.] June 29, 1982 Special Session of the Tangipa-hoa Parish Police Jury, having voted for himself as the Registrar of Voters.
IV.
That Cade Williams has violated Section 1113A of the Code of Governmental Ethics (LSA-R.S. 42:1113A) by having accepted nomination to the position of Registrar of Voters for Tangipahoa Parish, which appointment was subject to the approval of the Tangipahoa Parish Police Jury, of which he was a member and the president, without first resigning from said police jury.
During the course of the public hearing conducted by the Board, the Board received into evidence in addition to other exhibits a joint stipulation to the following pertinent:
FACTS
A. Prior to July 3, 1982, Cade Williams served as a member and president of the Tangipahoa Parish Police Jury having been elected from District No. 1.
B. On June 29, 1982, Respondent called a special meeting of the Tangipahoa Parish *774 Police Jury for the purpose of nominating a person to be appointed by the Governor as Registrar of Voters for the Parish of Tan-gipahoa in order to fill a vacancy to be created by the June 30, 1982 anticipated retirement of the then Registrar, Mrs. Theonne Kuykendall.
C. At the time this special meeting of the Police Jury was called by the Respondent, Respondent reasonably expected himself to be considered by the Police Jury for nomination to the position of Registrar of Voters.
D. A special meeting of the Tangipahoa Parish Police Jury was held on June 29, 1982.
E. At the meeting that the Police Jury held on June 29, 1982, the Jury received from Mrs. Theonne Kuykendall, Registrar of Voters, correspondence advising the Police Jury of her intention to resign as Registrar of Voters effective close of business June 30, 1982.
F. At the meeting on June 29, 1982, a motion was made by Juror Noto, seconded by Juror Giardina, that Respondent be appointed to the position of Registrar of Voters.
G. At the June 29, 1982 meeting of the Jury, a substitute motion was thereafter made by Juror Landry, seconded by Juror Cutrer, that Sonja Lea, an employee of the Registrar'of Voters’ Office, then serving as Chief Deputy, be appointed Registrar of Voters.
H. At the June 29, 1982 meeting of the Jury, a roll call vote was taken on the substitute motion by Juror Landry at which time Respondent voted “nay.”
I. At the June 29, 1982 meeting of the Jury, the motion of Noto passed with a recorded seven “yea” votes and three “nay” votes.
J. By correspondence dated June 29,1982, Respondent notified the Governor of the State of Louisiana that “effective on the receipt of [his] commission as Registrar of Voters for the Parish of Tangipahoa, ... [he] will resign as Police Juror, District # 1 of Tangipahoa Parish.”
K.By gubernatorial commission of July 3, 1982, Respondent was appointed Registrar of Voters for the Parish of Tangipahoa and thereafter reported to work effective July 5, 1982 and has served continuously as Registrar of Voters since that date.
OPINION
The controlling provisions of the Code are Sections 1112A and 1113A which provide respectively as follows:
“1112. Participation in certain transactions involving the governmental entity A. No public servant, except as provided in R.S. 42:1120, shall participate in a transaction in which he has a personal substantial economic interest of which he may be reasonably expected to know involving the governmental entity.”

1113. Prohibited contractual arrangements
A. No public servant, excluding any legislator and any appointed member of any board, or commission, member of such public servant’s immediate family, or legal entity in which he has a controlling interest shall bid on or enter into any contract, subcontract, or other transaction which is under the supervision or jurisdiction of the agency of such public servant.”
“Participate” as used in Section 1112A, above is defined at Section 1102(15) of the Code as follows:
“1102. Definitions

(15) ‘Participate’ means to take part in or to have or share responsibility for action of a governmental entity or a proceeding, personally, as a public servant of the governmental entity, through approval, disapproval, decision, recommendation, the rendering of advice, investigation, or the failure to act or perform a duty.”
“Substantial economic interest” as used in Section 1112A, above, is defined at Section 1102(21) of the Code as follows:
*775 “1102. Definitions

(21) ‘Substantial economic interest’ means an economic interest which is of greater benefit to the public servant or other person than to a general class or group of persons, except:
(a) The interest that the public servant has in his position, office, rank, salary, per diem, or other matter arising solely from his public employment or office.
(b) The interest that a person has as a member of the general public.”
“Transaction” as used in Section 1113A of the Code, is defined at Section 1102(23) of the Code as follows:
“1102. Definitions

(23) ‘Transaction involving the governmental entity’ means any proceeding, application, submission, request for a ruling or other determination, contract, claim, case, or other such particular matter which the public servant or former public servant of the governmental entity in question knows or should know:
(a) Is, or will be, the subject of action by the governmental entity.
(b) Is one to which the governmental entity is or will be a party.
(c) Is one in which the governmental entity has a direct interest. A transaction involving the agency of a governmental entity shall have the same meaning with respect to the agency.”
The selection of a person to be nominated for appointment by the Governor to the position of Registrar of Voters for the Parish of Tangipahoa is a “transaction” involving the Jury.
Respondent, seeking to be appointed to the position of Registrar of Voters had a “substantial economic interest” in the Jury’s determination of who would be nominated for commission by the Governor to that position.
The events that occurred on June 29, 1982, in general and (1) Respondent’s calling of a special meeting for the purpose of selecting the nominee for appointment as Registrar of Voters, (2) the Respondent’s voting “nay” on the substitute motion by Landry and (3) Respondent voting “yea” on the initial motion by Noto constitute “participation” in the “transaction” defined as the process by which the Police Jury selected an individual for nomination to the Governor for commission as Registrar of Voters of Tangipahoa Parish.
It is therefore the opinion of the Board that Section 1112A of the Code was violated by Respondent’s prohibited “participation” in the events occurring on June 29, 1982.
Turning to the application of Section 1113A of the Code, it is equally clear to the Board that the process by which the Police Jury “nominates” for appointment by the Governor a person to the position of Registrar of Voters — a process in which “nomination equals appointment” — constitutes a “transaction which is under the supervision or jurisdiction of the [Tangipahoa Parish Police Jury]” as such term is used in this prohibition. Respondent, by his actions generally and by “accepting” the nomination of the Police Jury for appointment as Registrar of Voters in particular, “enter[ed] into ... [and was] interested in ...” this “transaction” which was under the supervision and jurisdiction of his agency. Thus, it is the opinion of the Board that Respondent violated Section 1113A of the Code.
Respondent, though not denying the occurrence of the controlling events in question, nevertheless advances defenses that (1) he was unaware of the provisions of the Code of Governmental Ethics, (2) he would not have entered into the proscribed transaction or engaged in the reprobated “participation” had the Office of the District Attorney for the Parish of Tangipahoa called to his attention the provisions of the Code, and (3) other similar transgressions by other members of the Tangipahoa Parish Police Jury have occurred in the past.
It is manifest to the Board that Respondent’s avowed ignorance of the provisions of the Code of Governmental Ethics *776 is of no moment. Though there was no evidence introduced to the Board of any corruption on behalf of the Respondent, it was manifestly clear to the Board that the Respondent did, indeed, engage in a course of action clearly prohibited by salient sections of the Code. The standards contained in the Code abridged by the Respondent are objective rather than subjective. Glazer v. Commission on Ethics for Public Employees, 417 So.2d 456 (La.App. 1st Cir., 1982). Scienter is not a necessary ingredient to a codal violation. The Code, being a civil statute containing essentially mandatory standards for continued public service, is not a penal statute subject to strict construction but rather a civil and remedial statute containing only civil penalties designed to encourage compliance with the substantive provisions contained therein. Neither malice, evidence of corruption nor specific intent are required to be present in order to establish that provisions of the Code have been abridged. Rather, it is the existence of conduct proscribed by the Code coupled with the Respondent’s conscious desire to bring about the occurrence of those factual events that produces a breach of the substantive sections of the Code.
Evidence of actual corruption and the use of one’s public office for the production of private gain do, however, play a rolé in guiding the Board in application of the enforcement and penalties section of the Code contained in Subpart C thereof. Application of these provisions fundamentally serves the purpose of encouraging compliance with the prohibitory sections of the Code rather than as a vehicle to punish, seek retribution or vindication.
In the instant case, the absence of any evidence of actual corruption on th part of the Respondent or any effort by the Respondent to consciously and knowingly violate provisions of the Code, coupled with the consideration that the events leading to the violation are completely transitory in nature and unlikely to occur dictate that the Board impose only such civil sanctions as would tend to encourage the Respondent and other similarly situated elected officials to be mindful of the provisions of the Code and to avoid violation of the provisions contained therein.
Accordingly, it is:
ORDERED BY THE BOARD that pursuant to the provisions of Section 1153A of the Code Respondent be and he is hereby censured for having violated Sections 1112A and 1113A of the Code.
By order of the Board.
/s/ William D. Brown William D. Brown, Acting Chairman
/s/ J. Cleveland Fruge, J. Cleveland Fruge, Member
/s/ Robert L. Roland Robert L. Roland, Member
Board Member Brown concurs in the above opinion but assigns in addition thereto separate reasons and Board Member Duval dissents with reasons.