JOHN S. COVINGTON, Judge.
Lucius Patterson appeals the decision of the Louisiana Board of Ethics for Elected Officials, hereafter “Board,” which held Mr. Patterson violated La.R.S. 42:1119(A) by employing his daughter during the Summers of 1980 and 1981. The Board censured Mr. Patterson but declined to impose a fine. We have appellate jurisdiction of final decisions of the Board. La.R.S. 42:1142(A) and Rule 1, First Circuit Court of Appeal.
The Board answered Mr. Patterson’s appeal, averring that “Because of the frivolous appeal of Appellant, ..., it is appropriate that he be required to pay damages and that those damages be assessed against him, individually, in an amount sufficient to defray the reasonable costs of responding to his appeal incurred by the ... Appellee in these proceedings.”
Appellant Patterson assigns as error the finding that he violated the Code of Governmental Ethics (La.R.S. 42:1101 et seq.), in particular the nepotism section, La.R.S. 42:1119, “when the evidence does not show that there was a willful and intentional violation” on his part, particularly when it was brought to his attention the employment was terminated without reactivation.
Relying on Williams v. Board of Ethics for Elected Officials, 457 So.2d 772 (La.App. 1st Cir.1984), writ denied, 460 So.2d 611 (1984) and Broussard v. Commission on Ethics for Public Employees, 461 So.2d 1227 (La.App. 1st Cir.1984), appellee asserts in its brief as follows:
Thus, the argument that the Board must conclude that a section of the Code was abridged with a specific intent to break the law in order to conclude that a section of the Code has been violated is utterly without merit. Rather, for the Board to conclude that a section of the Code has been violated it is sufficient for the Board to conclude that the technical provisions of that section were abridged. (Emphasis by appellee.)
Appellant is the Clerk of Court of Livingston Parish; he is an elected official and is “an agency head” as that term is defined in La.R.S. 42:1102(3) and 1119(A); his office is an “agency” within the meaning of that term as defined in La.R.S. 42:1102(2)(f) which specifically lists clerks of court.
La.R.S. 42:1119 addresses the subject of nepotism and its role in governmental ethics. Subsection A declares that “No member of the immediate family of an agency head shall be employed in his agency.” Section 1102(13) defines “immediate family,” as applied to a public servant, as “his children, brothers, sisters, parents, spouse, and the parents of his spouse.”
Before the first witness testified at the November 13, 1984 public hearing held by the Board, Mr. Patterson’s counsel answered in the affirmative Chairman Brown’s question “ ... will you incorporate as a formal stipulation in the record your previous acknowledgement that Mr. Patterson’s daughter was employed in his office during the summers of 1980 and 1981?” On cross examination by counsel for the Board, Mr. Patterson stated “I will admit that I employed my daughter back in ’80 and ’81 during the summer months.”
Mr. Patterson argued to the Board and on appeal that in order for him to be guilty of violating the nepotism statute it must be proved that he willfully and intentionally did so and he contends the evidence fails to show a willful and intentional violation. That argument has been decided adversely to Mr. Patterson by the Supreme Court and by this court in two separate cases. Glazer v. Commission on Ethics for Public Employees, 431 So.2d 752 (La.1983) and Williams v. Board of Ethics for Elected Officials, 457 So.2d 772 (La.App. 1st Cir.1984), writ denied, 460 So.2d 611 (La.1984). Therefore, appellant’s lone assignment of error is, at the very least, completely without merit.
*465 Appellee timely answered appellant’s appeal, asserting that “the appeal of Lucius Patterson is not only without merit, but is frivolous” and “it is appropriate that he be required to pay damages,” to be assessed against him personally, “in an amount sufficient to defray the reasonable costs of responding to his appeal.”
Rule 2-19, Uniform Rules-Courts of Appeal, provides that “the court may award damages for frivolous appeal in civil cases as provided by law.” Further, La.C.C.P. art. 2164 authorizes appellate courts to award damages for frivolous appeal.
In Pickering v. City of Baton Rouge, 442 So.2d 522 (La.App. 1st Cir.1983) this court stated that appellate courts have the authority to award damages, including attorney’s fees, for frivolous appeals and reasoned further, as follows:
... However, appeals are favored under the law and damages for frivolous appeal will not be granted unless they are clearly due.... Damages will be awarded only when there are no serious legal questions, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant’s counsel does not seriously believe in the position he advocates....
442 So.2d at 525-526. (Emphasis supplied.)
Because the factors which enter into a finding of frivolous appeal are stated in the disjunctive in a long line of cases decided by intermediate appeals courts and the Supreme Court, damages for frivolous appeal may be awarded if only one of the three elements stated in the excerpt from Pickering is determined by the appellate court to exist. The record herein does not convince us that counsel does not seriously believe in the position he advocates especially in view of the fact that the Commission sanctioned the appellant.
Accordingly, the judgment of the trial court is affirmed. All costs of these proceedings, both before the Board and on appeal, are assessed against appellant, individually.
AFFIRMED.