713 So.2d 1163 (1998)
Lloyd J. MARLBROUGH, Jr.
v.
Alvin ZAR.
No. 98-CA-38.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 1998.
*1164 Martin A. Welp, Robert M. Molaison, New Orleans, for Plaintiff/Appellant.
J. William Starr, Ryan N. Cox, Metairie, for Defendant/Appellee.
Before GRISBAUM, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal from a judgment denying Lloyd J. Marlbrough's request for a preliminary injunction. For the reasons which follow, we dismiss the appeal.
On June 20, 1997, the trial court rendered an oral ruling denying the preliminary injunction and a written judgment was signed on July 11, 1997. In the interim between the ruling and the signing of the written judgment, Marlbrough filed a motion for new trial. Thereafter, on October 2, 1997, Marlbrough filed a motion for appeal, and the trial court denied the motion for new trial on October 23, 1997.
An appeal from an order relating to a preliminary injunction is governed by LSA-C.C.P. art. 3612, which provides in pertinent part:
An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
The 15-day appeal delay set forth in LSA-C.C.P. art. 3612 applies to judgments denying, as well as to those granting, a preliminary injunction. Bayou Hunting Club of Hunter v. DeSoto Parish Police Jury, 569 So.2d 252 (La.App. 2d Cir.1990). The delay does not commence to run on a judgment granting or denying a preliminary injunction until the judgment is signed. Petroleum Treaters Inc. v. Houma Land & Offshore Co., 545 So.2d 1300 (La.App. 1st Cir.1989). The delay is not suspended by the filing of a motion for new trial. Morris v. Transtates Petroleum, Inc., 258 La. 311, 246 So.2d 183 (La.1971); Cuccia v. Bozeman, 316 So.2d 800 (La.App. 4th Cir.1975).
However, in cases where the parties stipulate that the preliminary injunction hearing will constitute a trial on the merits of the application for a permanent injunction, the normal appeal delays, rather than the 15-day delay under LSA-C.C.P. art. 3612, applies. Bayou Hunting Club of Hunter v. DeSoto Parish Police Jury, supra.
Considering that there is no indication in the record that the parties agreed to try the merits of the action for a permanent injunction at the preliminary injunction hearing, the 15-day appeal delay prescribed by LSA-C.C.P. art. 3612 is applicable.
In the instant case the 15-day appeal delay expired on July 28, 1997, notwithstanding Marlbrough's filing of a motion for new trial. Consequently, the motion for appeal filed on October 2, 1997 was untimely.
Accordingly, we dismiss the appeal from the trial court's denial of the preliminary injunction for lack of jurisdiction.
APPEAL DISMISSED.
WICKER, J., concurs in part.
WICKER, Judge, concurring in part.
I respectfully concur in the dismissal but would note that the dismissal of this appeal of the preliminary injunction does not conclude the proceedings, which may proceed to trial on the merits of the permanent injunction. Springlake Homeowners Ass'n. v. Pecot, 321 So.2d 789 (La.App. 4th Cir.1975). Furthermore, the damage claim is still pending.