MARC E. JOHNSON, Judge.
12Defendant/AppeIlant, Russell McCloud d/b/a Masters Complete Auto Repair, appeals the granting of a preliminary injunction in favor of Plaintiff/Appellant, Gina McCain, from the 24th Judicial District Court, Division “M”, regarding a permit to sell a vehicle pursuant to LSA-R.S. 32:1726 and LSA-R.S. 32:1728 of the Louisiana Towing and Storage Act. For the following reasons, the appeal is dismissed.
On January 18, 2011, the trial court rendered a written judgment granting Ms. McCain’s petition for preliminary injunction, which sought to arrest the sale of her 1978 Chevrolet Camaro. On February 18, 2011, Mr. McCloud filed a petition for de-volutive appeal from the January 18, 2011 judgment.
LSA-C.C.P. art. 3612 provides, “[a]n appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment.” See also, R2D2B2, L.L.C. v. City of New Orleans, 03-0281 (La.5/2/03); 849 So.2d 487. The 15-day appeal delay set forth in LSA-C.C.P. art. 3612 applies to all judgments on preliminary injunctions, whether they are denied or granted. Marlbrough v. Zar, 98-38 (La.App. 5 Cir. 5/27/98); 713 So.2d 1163. *1131 The delay does not commence to|srun on a judgment granting or denying a preliminary injunction until the judgment is signed. Id. In cases where the parties stipulate that the preliminary injunction hearing will constitute a trial on the merits of the application for a permanent injunction, the normal appeal delays, rather than the 15-day delay under LSA-C.C.P. art. 3612, apply. Id.
Here, there is no indication in the record that the parties agreed that the preliminary injunction hearing would constitute a trial on the merits of the application for the permanent injunction. Consequently, the appeal delay provided in LSA-C.C.P. art. 3612 concerning preliminary injunctions apply to this matter. Mr. McCloud had 15 days from the signing of the January 18, 2011 judgment to file his appeal from the preliminary injunction. Therefore, the petition for appeal filed by Mr. McCloud on February 18, 2011 was untimely. The January 18, 2011 granting of the preliminary injunction is definitive and cannot now be reviewed by this Court because it was not appealed within 15 days. (See, Erazo v. Morton, 09-661 (La. App. 5 Cir. 3/9/10); 33 So.3d 952, where this Court held, “[w]hen an appellant fails to timely take and perfect an appeal, the appellate court lacks jurisdiction to hear the appeal and may dismiss it on its own motion.”) The January 18, 2011 preliminary injunction remains in effect during the pendency of the action or until it is dissolved or modified by the court. See, LSA-C.C.P. arts. 3601(C) and 3607; Elysian Fields Church of Christ v. Dillon, 08-989 (La.App. 4 Cir. 3/18/09); 7 So.3d 1227, 1232.
An order granting either a preliminary or a final injunction or a temporary restraining order shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained. The order shall be effective against the parties restrained, their officers, agents, employees, and counsel, and those persons in active concert or participation with them, from the time they receive actual knowledge of the order by personal service or otherwise.
For the foregoing reasons, the appeal of Defendant/Appellant, Russell McCloud d/b/a Masters Complete Auto Repair, is dismissed with prejudice for lack of jurisdiction. Mr. McCloud is to bear all of the costs of this appeal.

APPEAL DISMISSED

WICKER; J., concurs with reasons.