NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 20-214

LOUISIANA STATE BOARD OF

PRIVATE INVESTIGATOR EXAMINERS

VERSUS

SCOTT FRANK

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2019-5331
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX

CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.


MOTION TO DISMISS APPEAL GRANTED; APPEAL DISMISSED.

**George Malcom Papale**
**Attorney at Law**
**Post Office Box 1827**
**Hammond, LA 70404**
**(985) 543-0171**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
       **Louisiana State Board of PrivateInvestigator Examiners**

**George Robinson Knox**
**Attorney at Law**
**117 West Convent Street**
**Lafayette, LA 70501**
**(337) 264-9083**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Scott Frank**

**Louis Clayton Burgess**
**Liza Trahan**
**Law Firm of L. Clayton Burgess**
**Attorney at Law**
**605 West Congress Street**
**Lafayette, LA 70501**
**(337) 234-7573**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Scott Frank**

**THIBODEAUX, Chief Judge.**

Plaintiff-Appellee, Louisiana State Board of Private Investigator Examiners, filed a motion to dismiss the instant appeal filed by Defendant-Appellant, Scott Frank. For the reasons set forth herein, we grant Plaintiff's motion and dismiss the appeal.

Plaintiff-Appellee filed a Petition for Injunction Under La.R.S. 37:3522(B), seeking to enjoin and restrain Defendant-Appellant from representing and holding himself out to the public on his website, in print, or electronic media as a "Private Investigator" or "Private Detective" under La.R.S. 37:3503(8)(b)(iv), "Scott Frank Private Investigator exempt under La.R.S. 37:3503(8)(b)(iv)" or "Scott Frank Private investigator under George R. Knox" and to further enjoin such use by Defendant-Appellant in print media, on any website or other internet site, on radio or television, in any broadcast medium or any other electronic or electromagnetic audio/visual means or medium. A hearing on the matter was held on October 31, 2019, and the matter was taken under advisement. A judgment granting a preliminary injunction was signed on December 2, 2019. Defendant-Appellant filed Petition and Order for Appeal on December 27, 2019, which was granted on January 7, 2020.

Plaintiff-Appellee filed in this court a Motion to Dismiss Appeal, alleging that the appeal was filed untimely. Pursuant to La.Code Civ.P. art. 3612(C), "An appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment." Additionally, "the delay for taking an appeal is not affected by the filing of a motion for new trial." *Stevens v. St. Tammany Parish Government*, 16-197 p. 6 (La.App. 1 Cir. 1/18/17), 212 So.3d 562, 566. *See also Marlbrough v. Zar*, 98-38 (La.App. 5 Cir. 5/27/98), 713 So.2d 1163 (Delay not suspended by the filing of a motion for new trial).

In opposition, Defendant-Appellant refers this court to La.Code Civ.P. art 3612(D), which provides, "Except as provided in this Article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be provided in Book III."  Next, Defendant refers to La.Code Civ.P. art 2123 (Delay for taking a suspensive appeal) found in Book III, which reads, in pertinent part:

> A.  Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.

La.Code Civ.P. art. 1974 provides that "[t]he delay for applying for a new trial shall be seven days, exclusive of legal holidays.  The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."  Applying these rules to the facts herein, Defendant-Appellant contends that he had fifteen days from December 17, 2019 in which to file his Petition and Order for Appeal; thus, the December 27, 2019 filing was timely.

In light of Article 3612(C) and the applicable jurisprudence cited herein, we find that the fifteen-day delay in which to seek an appeal began to run after the judgment denying the preliminary injunction was signed on December 2, 2019. Defendant-Appellant did not file his Petition and Order for Appeal until December 27, 2019, more than fifteen days after the judgment was signed.  As such, we find that the Petition and Order for Appeal was filed untimely.  Accordingly, we grant the motion and dismiss the appeal.

**MOTION TO DISMISS APPEAL GRANTED; APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.