ODOM, Justice.
 

 Miss Virginia Marion died in 1921, leaving a last will by which she bequeathed the residue of her estate in trust to the Catholic Woman’s Club of the city of New Orleans, and appointed Miss Florence Loeber trustee. See Succession of Marion, 163 La. 734, 112 So. 667.
 

 Miss Loeber administered the estate as trustee until September 12, 1933, when she and two others organized a corporation styled “Etienne and Virginia Ma'rion Memorial Trust Estate, Inc.,” the object and purposes of which corporation were to act as trustee of said estate in the place and stead of Miss Loeber. Miss Loeber immediately turned over all the trust estate to the said corporation.
 

 After the death of Miss Florence Loeber, Mrs. Joseph J. Ritayik, who is now president of the Catholic Woman’s Club, presented a petition to the court setting up that she should be appointed trustee of the estate of Miss Marion, and prayed accordingly. Her prayer was granted.
 

 The issue presented to the lower court was whether Mrs. Ritayik or the corpora
 
 *683
 
 tion should be recognized as trustee. The trial judge decided in favor of Mrs. Ritayik, and the corporation appealed.
 

 Mrs. Ritayik has moved to dismiss the appeal on three grounds. The first is that in the motion for the appeal the name of the corporation was given as “Etienne and Virginia Marion Memorial Trust, Inc.,” while the name of the corporation as given in the judgment appealed from is “Etienne and Virginia Marion Memorial Trust Estate, Inc.”
 

 The omission of the word “Estate” from the name of the corporation in the motion for appeal was no doubt a clerical error, and in Homer College v. Tillinghart Vaughn, 18 La.Ann. 525, it was held that “a slight misstatement of the name of-a Corporation, in taking an appeal from a judgment in its favor, if the alteration or misstatement is not of such a character as to mislead, is not a sufficient cause to dismiss on appeal.” The error in omitting the word “Estate” from the name of this corporation is not such as to mislead any one.
 

 The second ground is that certain documents “were offered” in evidence. Counsel probably meant that the documents were not offered. The documents referred to are in the record in a separate volume. Some of the documents referred to are not transcribed in the record of the present proceeding, but are in this court in the case styled Succession of Miss Virginia Marion, 163 La. 734, 112 So. 667, and may under our rules be used in this case.
 

 The third ground for dismissal is that the corporation has no appellate interest. Counsel argues that there is no law authorizing the formation of a corporation to act as trustee for an estate, .and that as a matter of law a corporation cannot act as such. That seems to be the only point involved in the case on its merits. The purpose of the appeal was to have that point decided by this court. We cannot pass upon the merits of a case until the case is presented on appeal. As counsel’s motion to dismiss involves the merits of the case, the motion must be denied.
 

 There is another appeal connected with these proceedings' which we are asked to dismiss by counsel for Mrs. Ritayik, As we have already stated, Miss Florence Loeber acted as trustee for the estate of Miss Marion unti^ she organized the corporation above referred to. While she owed an accounting of her administration, she failed to file it. We learn, however, that she had made up an account and had it checked by a certified public accountant, which account, with his report, had been submitted to the Catholic Woman’s Club. Miss Florence Loeber died on September 27, 1933, leaving a last will in which she appointed her sister, Miss Maud Loeber, executrix. The account which Miss Florence Loeber should have filed was presented to the court by Miss Maud Loeber, her executrix. The filing of this account was opposed by Mrs. Ritayik, whose opposition was sustained by the court. Miss Maud Loeber appealed from the judgment of the court refusing to permit her to file-her sister’s account of her administration as trustee of the estate of Miss Virginia' Marion.
 

 
 *685
 
 Counsel for Mrs. Ritayik has moved to dismiss Miss Maud Loeber’s appeal on the ground that “Dr. Maud Loeber is without any appealable interest in this case for the reason that the said Dr. Maud Loeber is nothing more than an intermeddler in this succession (meaning the succession of Miss Virginia Marion) and was without any right or warranty in law to file in this succession a purported final account of the administration of the affairs of this estate by the deceased executrix, Miss Florence Loeber.”
 

 This motion to dismiss, like the other, involves the merits of the case. Dr. Maud Loeber appealed in order to have us decide whether she has a right to file the final account above mentioned. This motion to dismiss, like the first, must be denied.
 

 For the reasons assigned, both motions to dismiss are denied.