On Motion to Dismiss Appeal.

TATE, Judge.
The plaintiffs appeal from an interlocutory judgment denying a preliminary injunction. The defendants-appellees move to dismiss the appeal on the ground that ordinarily no appeal lies from interlocutory judgments. See LSA-CCP Art. 2083.
This argument overlooks that an exception to this general rule is provided by LSA-CCP Art. 3612 which states: “ * * * An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction. * * * ” (Italics ours.) Certified Finance Co. v. Jones, La.App. 3 Cir., 191 So.2d 188. A judgment denying an interlocutory preliminary injunction is one “relating” to it so as to be governed by this code article, including its provision that such appeal must be perfected within fifteen days. Kellogg v. Hall, La.App. 3 Cir., 159 So.2d 596.[1]
Accordingly, since the present appeal from the denial of a preliminary injunction was perfected within fifteen days as required by the Code article cited, the motion to dismiss this appeal must be denied.
Motion to dismiss appeal denied.

. The present is an interlocutory preliminary injunction sought as a procedural device prior to the trial on the merits of the permanent injunction sought by the demand. See Cloud v. Dyess, La.App. 3 Cir., 172 So.2d 528, 531; Baton Rouge Cigarette Service, Inc. v. Bloomenstiel, La.App. 1 Cir., 88 So.2d 742 (pointing out that relief on the merits may not be granted on the trial of the rule for the interlocutory preliminary injunction, where there has been no stipulation for the case to be tried on the merits of the permanent injunction). We should note in passing that the longer delays applicable to devolutive appeals from final judgments are applicable when, instead of being interlocutory relief pending the trial on the merits, the judgment granting or denying the preliminary injunction has the effect of disposing of the entire case on the merits, Calhoun v. State, Through Department of Highways, La.App. 3 Cir., 152 So.2d 866, unlike the situation where after the hearing on the preliminary judgment the parties may nevertheless have the issues of the suit determined on the merits, Silberman v. Beauboeuf, La.App. 3 Cir., 175 So.2d 873, even pending the decision of the appeal from the judgment relating to the interlocutory injunction, Cloud v. Dyess, cited above at 172 So.2d 531-532.