276 So.2d 368 (1973)
J. Slay MURRY, Jr., Plaintiff-Appellant,
v.
CITY OF OAKDALE, Defendant-Appellee.
No. 4215.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1973.
*369 C. W. Berry, Jr. Oakdale, for plaintiff-appellant.
K. Perrell Fuselier, Oakdale, Foley, Judell, Beck, Bewley & Landwehr, by J. Hugh Martin, New Orleans, for defendant-appellee.
Before SAVOY, HOOD and DOMENGEAUX, JJ.

ON MOTION TO DISMISS SUSPENSIVE APPEAL
DOMENGEAUX, Judge.
Defendant-appellee, the City of Oakdale, Louisiana, filed this Motion to Dismiss the suspensive appeal taken by the plaintiff-appellant, J. Slay Murry, Jr., on the grounds that our law does not permit a suspensive appeal in this case. LSA-C.C.P. Art. 3612. *370 In the alternative, the defendant argues that should this court permit the suspensive appeal to be maintained, the defendant prays that the security posted by the plaintiff be increased from $250.00 to $105.00.00.
On November 28, 1972 plaintiff filed suit asking for a preliminary injunction and a permanent injunction to enjoin the issuing of certificates of indebtedness in the amount of $105,000.00 by the defendant, and to have declared illegal an ordinance amending the budget of the City of Oakdale for the period of July 1, 1972 to June 30, 1973, which amendment was purportedly adopted at a meeting of the City Council on September 14, 1972.
The defendant filed an Exception of Peremption to plaintiff's petition on the grounds that LSA-R.S. 33:2923 provides that "no court shall have authority or jurisdiction to inquire into the legality thereof (certificate of indebtedness) if the validity of such certificates is not raised within thirty days from date of publication of the resolution providing for their issuance". The ordinance and resolution attacked in this suit were published on October 26, 1972, or more than 30 days prior to plaintiff's petition.
The defendant also filed an Exception of No Right of Action, based on the allegation that all suits "affecting the validity of bonds of any governmental unit" must be brought under the provisions of LSA-R.S. 13:5121 to 13:5130, which plaintiff has not done.
A trial was held on the rule for a preliminary injunction and evidence adduced. At the trial plaintiff conceded that he cannot directly attack the issuance of the certificates of indebtedness, that his attack is solely against the validity of the ordinance amending the budget for the reason that (1) it was not reduced to writing, and (2) for title of the old ordinance which was available at the meeting is different from the title of the amended budget ordinance typed subsequent to the meeting. Plaintiff argued that there is no 30-day peremption period on an attack of an ordinance adopted by a governing body, and that the legality of ordinances of a municipal body are subject to attack at any time.
In his petition plaintiff argues that the amendment to the budget of the defendant City was needed for the purpose of obtaining permission from the State Bond and Tax Board to issue revenue bonds in order to raise funds for the purchase of property for a municipal complex. Plaintiff argues that in order to obtain this permission it was necessary that the budget show an estimated excess of revenues over statutory necessary and usual charges and expenses for the fiscal year. The old budget did not show such excess. In other words, it is the plaintiff's position that if the amended ordinance is illegal, then the City does not have proper authority to issue revenue bonds.
In his written reasons for judgment the trial court did not discuss either of the defendant's exceptions, but limited his opinion to the discussion of the merits of plaintiff's claim that the amended ordinance was invalid. The court held that the amended ordinance was properly titled under LSA-R.S. 33:406 and that the ordinance was in writing when it was deliberated upon and voted upon as required by R.S. 33:406. The court went on to hold that "the budget ordinance of September 14, 1972 was lawfully enacted" and dismissed plaintiff's suit.
From this judgment plaintiff timely perfected a suspensive appeal.
The defendant argues that under LSA-C.C.P. 3612 a suspensive appeal may not be taken from a judgment denying a preliminary injunction.
Article 3612 LSA-C.C.P. reads as follows:
"There shall be no appeal from an order relating to a temporary restraining order.

*371 An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
An appeal from an order of judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III."
We agree with the defendant that under Art. 3612 you cannot have a suspensive appeal from a judgment refusing to grant a preliminary injunction, for if there was no injunction issued, there is nothing to suspend. Hibernia National Bank of New Orleans v. Mary, 167 So.2d 200 (La.App.4th Cir., 1964); Utah-Louisiana Investment Company v. International Development, Inc., 262 So.2d 553 (La.App.1st Cir., 1972).
Our jurisprudence, however, has held that where a judgment denying a preliminary injunction after a hearing on the rule also has the effect of passing on the merits of the case and denying the relief sought by the injunctive process, such a judgment is a "final judgment" from which a suspensive appeal can be taken. Baton Rouge Production Credit Ass'n v. Newsom, 191 So. 154 (La.App.1st Cir., 1939). See also: Starnes v. Hawthorn, 24 So.2d 680 (La.App.1st Cir., 1946); State, ex rel. Roane v. Himel, 176 So. 413 (La.App.1st Cir., 1937); American Bakeries Co. v. Louisiana State Board of Health, 185 La. 959, 171 So. 90 (1936).
While it is true that all of these cases preceded our present Code of Civil Procedure article, Act 29 of 1934, Sec. 5, the forerunner of LSA-C.C.P. Art. 3612, also precluded the right to a suspensive appeal from a judgment denying a preliminary injunction. In this case the trial court's judgment did more than merely deny plaintiff the injunctive relief he sought, but had the effect of rendering a judgment on the merits of his claim. The preliminary injunction was dissolved merely as a consequence of a final judgment dismissing plaintiff's suit. If the judgment rendered by the trial court does more than merely deny the preliminary injunction, and passes on the merits of the case, such judgment is a final judgment and the plaintiff is entitled to a suspensive appeal.
The benefits, if any, that will accrue to plaintiff from a suspensive appeal and the merits of the case, are questions with which we are not presently concerned. In the case before us there is, as shown above, a final judgment, disposing of the whole case on the merits, from which judgment plaintiff is entitled to a suspensive appeal.
The defendant contends that the $250.00 suspensive appeal bond posted by the plaintiff is grossly inadequate to assure the satisfaction of the judgment together with damages for the delay resulting from the suspension of the execution of the judgment. This suit arose out of the effort made by the defendant City to purchase certain property formerly owned by the Oakdale General Hospital for the sum of $135,000.00. The defendant argues that certificates of indebtedness in the sum of $105,000.00 have been issued and that obligations have been incurred in connection therewith, and the City is now faced with the danger of having the Oakdale General Hospital property sold to a third party, thereby causing the City to lose a valuable piece of property upon which the City intends to develop a municipal complex. The defendant City asks that the appeal bond be set at $105,000.00.
We must disagree with the contention of the City that the bond must be substantial *372 enough to cover the damages that might arise from the delay resulting from the suspension of the execution of the judgment. There is no judgment to execute. Although, the plaintiff's appeal is styled a suspensive appeal, there is in reality nothing to suspend. The trial court refused to grant plaintiff's request for an injunction. There is nothing to stop the City from disposing of the bonds now, if they so choose. While true, a suit contesting the validity of the issuance of these bonds does greatly affect their marketability, the result would be the same if plaintiff's appeal were devolutive.
Our jurisprudence has held that in the case of a suspensive appeal from a judgment which does not decree the payment of money or delivery of property, a bond covering costs is sufficient. Succession of Moody, 149 So.2d 719 (La.App.1st Cir., 1963), writ granted 244 La. 396, 152 So.2d 62 (1963), reversed on other grounds, 245 La. 429, 158 So.2d 601 (1963).
For the reasons assigned the Motion to Dismiss is denied.
Motion denied.