ON MOTION TO DISMISS APPEAL
Before HOOD, CULPEPPER and MILLER, JJ.
MILLER, Judge.
Relators defendants Arnold J. Bernard, Inc., Arnold J. Bernard, and James H. Burleigh move to dismiss plaintiff Josephine R. Bernard’s appeal contending it was not timely perfected. LSA-C.C.P. art. 3612. Plaintiff concedes her appeal was late if 3612 applies, but contends the denial of her request for a preliminary injunction had the effect of deciding the case on the merits, and the applicable delays are those for devolutive appeals. We dismiss the appeal.
Plaintiff styled her petition as one “to annul and set aside transfer of stock and for preliminary injunction.” She prayed that defendants be cited to appear and show cause why a preliminary injunction should not issue prohibiting defendants from exercising ownership of more than fifty percent of the stock of Arnold J. Bernard, Inc. Further, she prayed that the preliminary injunction be issued for several other related matters, and that eventually a permanent injunction issue. She further sought an “order annulling all transfer of stock as set forth above, and that JOSEPHINE R. BERNARD be declared the owner of fifty (50%) per cent of all stock in ARNOLD J. BERNARD, INC.
*878 As requested by the petition, a hearing was set and defendants were ordered to show cause why a preliminary writ of injunction in the form and substance set forth in the petition should not issue during the pendency of the proceedings.
After the hearing, plaintiff’s request for a preliminary injunction was denied, and on January 17, 1975, judgment was signed denying the preliminary injunction. The judgment does not apply or refer to the merits of plaintiff’s petition to annul and set aside the transfer of stock.
On April 14, 1975 plaintiff moved for a devolutive appeal and posted the appeal bond on April 23, 1975.
LSA-C.C.P. art. 3612 sets a fifteen day delay for taking an appeal and furnishing bond relating to preliminary injunctions.
Plaintiff contends this case is subject to an exception to this rule. She contends that when a judgment given by a court after the hearing on a preliminary injunction has the effect of deciding the case on its merits, the judgment is not interlocutory in nature, but is a final judgment to which ordinary delays for devolutive appeals apply. Murry v. City of Oakdale, 276 So.2d 368 (La.App. 3 Cir. 1973); Ritchey v. Desser, 199 So.2d 427 (La.App. 3 Cir. 1967); Calhoun v. State, 152 So.2d 866 (La.App. 3 Cir. 1963).
These cases are distinguished. In the Murry and Ritchey cases, supra, the appeals were perfected within fifteen days of the date the judgment was signed. In Calhoun, plaintiff’s suit was dismissed with prejudice on an exception of no right of action.
Here the trial court judgment did not dismiss plaintiff’s suit to set aside the transfer of stock. That issue was not tried at the hearing set for the sole purpose of determining whether or not a preliminary injunction should issue. The merits' of the case have not yet been tried.
Since the appeal relates to the denial of plaintiff’s application for a preliminary injunction, LSA-C.C.P. art. 3612 applies.
The appeal is dismissed at respondent plaintiff’s costs.
Appeal dismissed.