Robert George DRUMMOND and Mildred Pauline Drummond, Plaintiffs-Appellants,

v.

FULTON COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES et al., etc., Defendants-Appellees.

No. 76–1888.

United States Court of Appeals, Fifth Circuit.

May 19, 1976.

Margie P. Hames, Neil Bradley, Atlanta, Ga., for plaintiffs-appellants.

Robert L. Mote, Daniel S. Reinhardt, Atlanta, Ga., for defendants-appellees.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

■ Plaintiff-appellants' motion for an injunction pending appeal which would prohibit the defendants from removing the child Timmy from plaintiffs' care is hereby DENIED. In connection with this order, we deem it appropriate to make a few observations.

In *Beverly v. United States*, 5 Cir. 1972, 468 F.2d 732, 741 n. 13, this Court stated that

in order to be entitled to a stay pending appeal under either Rule 62, F.R.Civ.P. or Rule 8, F.R.A.P., a petitioner must show the likelihood of his prevailing on the merits on appeal, that he is likely to suffer irreparable injury from the denial of the stay, that the other parties will not be substantially harmed by the grant of stay, and that granting the stay will serve the public interest.

Critical to our denial of the motion before us is the fact that this test places the burden of proof on the petitioners. Even if we assume that the Drummonds have shown that without a stay they will suffer irreparable injury, they have failed to show that the other three requirements of the standard are satisfied in this case. Under the particular facts before us, those other three requirements are closely interrelated. A stay here would serve the public interest and would not substantially harm the Drummonds only if they were likely to prevail on the "ultimate" merits—that is, if they were likely to become the permanent adoptive parents of Timmy. If they were not likely so to prevail, then the child's best interest and the public interest would not be better served by a stay. This of course is not to say that their ultimate success would be impossible; indeed, the panel hearing the Drummonds' appeal will probably face a number of complex issues.[1] Our decision today goes only to the very narrow question whether the Drummonds have met the strict requirements for a stay pending appeal. In our opinion, they have not, and therefore we must deny the motion for a stay to prevent Timmy from being removed from the Drummond residence pending the hearing of the appeal.[2]

Recognizing that undue delay in the final disposition of this case will disserve all interested parties, we have instructed the clerk to expedite the appeal and set the case for oral argument at the earliest possible time. We also recognize that the interests of the individual who will be most affected by the ultimate decision in this case may not be co-extensive with those of either of the formal parties.

Therefore, IT IS FURTHER ORDERED that an attorney shall be appointed to represent the interests of the child Timmy before this Court. *Cf. Organization of Foster Families for Equality and Reform v. Dumpson*, 411 F.Supp. 1144 (S.D.N.Y. 1976).

1. Without purporting to list all or any of the issues that will be before the panel, we note that the questions could include the following: Is race a constitutionally permissible factor in the evaluation of prospective adoptive parents? If so, what weight can race constitutionally carry in relation to other factors? Did the Fulton County authorities operate under a presumption that mixed-race children should go to black families? Are further findings of fact in the district court necessary on that issue? Would such a presumption violate the Constitution? What is the effect of the proceedings now pending in the Georgia courts? How broad is the discretion of the local child-placing agency?

Even if the panel of this Court were to decide that any consideration of race was violative of the Constitution, it is possible that the case would simply be remanded to the Fulton County authorities for redetermination of the Drummonds' suitability without regard to race. From the record before us, we cannot predict the result of such a redetermination.

2. We assume that the question of finalizing adoption proceedings pending appeal is adequately disposed of by the state court's order of April 7, 1976, forbidding finalization. If that court's order should expire before the hearing on the merits in this Court, plaintiffs would of course be free to seek relief in this Court.