JONES, Judge.
Plaintiffs appeal from a judgment of the trial court which vacated appellants’ temporary restraining order, denied their rule for a preliminary injunction, and denied their Motion to Destroy the Election Results.
Judgment was signed and the order of devolutive appeal granted on June 13, 1976. The appeal bond was not filed until July 16, 1976.
*1170 No appeal lies from the decision dissolving the temporary restraining order. The appeal from the judgment denying the preliminary injunction was untimely since under the provisions of LSA-C.C.P. Art. 3612 [1] the appeal relating to a preliminary injunction must be taken and the bond filed within 15 days from the judgment. Appellants argue the decision in the trial court is “effectively” a decision on the merits and therefore is governed by LSA-C.C.P. Art. 2087, which allows 90 days for the perfection of a devolutive appeal. In support of this, appellants cite Murry v. City of Oakdale, 276 So.2d 368 (La.App., 3d Cir. 1973).
Neither this case, nor the exception it enunciates is applicable here. The court in Murry found the trial court judgment was in fact, a final judgment on the merits of the permanent injunction because it dismissed the suit.
In Benard v. Benard, 316 So.2d 877 (La. App., 3d Cir. 1975) plaintiff appealed from the denial of a preliminary injunction but did not post her appeal bond within the 15 day period required by LSA-C.C.P. Art. 3612. She contended that when a judgment rendered by the trial court after the hearing on a preliminary injunction has the effect of deciding the case on the merits, the judgment is a final judgment to which ordinary devolutive appeal delays apply. For this proposition she cited Murry v. City of Oakdale, supra. The court in Benard distinguished Murry, noting it did not deal with the timeliness of an appeal, since the appeal there had been perfected within 15 days from the signing of the judgment. The court in Benard dismissed plaintiff’s appeal, after finding that the lower court had ruled only on whether a preliminary injunction should issue, and not on the merits of the case. This is the same situation as now before us.
Since neither the trial court’s reasons for judgment nor the signed judgment rejects appellants’ petition for a permanent injunction, this appeal is from a judgment denying a preliminary injunction, and is not timely perfected and must be dismissed. Fox v. Louisiana State Racing Commission, 223 So.2d 707 (La.App., 4th Cir. 1969).
Appellants further contend this court has jurisdiction to consider the trial judge’s denial of the Motion to Destroy the Election Results because our failure to review this interlocutory order at this time may result in appellants being unable to get it reviewed later and therefore a denial of their appeal may cause them irreparable harm. Although an interlocutory decree is ordinarily not appealable, he asserts this comes within the provisions of LSA-C.C.P. Art. 2083 [2].
Appellants’ contention is not well founded. Art.- 2083 speaks of “ . .an interlocutory decree which may cause irreparable injury.” Appellants are urging that our failure to review will be the cause of irreparable injury, which is not within the grounds stated by Art. 2083.
Since there is no showing of irreparable injury, the trial court’s denial is a nonap-pealable interlocutory order and not before this court until a final judgment is appealed. Carville v. City of Plaquemine, 303 So.2d 289 (La.App., 1st Cir. 1973); Nicholson v. Holloway Planting Company, 262 So.2d 176 (La.App. 1st Cir. 1972).
*1171 Appellants will have an opportunity for a review of the merits of his Motion to Destroy if the result of the trial court’s decision on the permanent injunction is later appealed.
For the foregoing reasons, the appeal of plaintiffs-appellants is dismissed at their cost.

. “Art. 3612. Appeals
, “There shall be no appeal from an order relating to a temporary restraining order.
“An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
“An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
“Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.’’

. “Art. 2083. Judgments appealable
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”