UNITED STATES of America, Plaintiff-Appellee,

v.

John McKENZIE, et al., Defendants-Appellees,

v.

CBS, INC., Movant-Appellant.

In re CBS, INC., Petitioner.

Nos. 83–3026, 83–3027.

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1983.

Robert E. Barkley, Jr., J. David Forsyth, Owen A. Neff, and Francis R. White III, New Orleans, La., for CBS, Inc.

W. Glenn Burns, Asst. U.S. Atty., New Orleans, La., for U.S.

Ralph Capitelli, New Orleans, La., for McKenzie.

Ralph S. Whalen, New Orleans, La., for Bonura, Farrar, Reboul and Brink.

Wally Rothschild, New Orleans, La., for Woodall and LeBlanc.

Before GEE, RANDALL and TATE, Circuit Judges.

BY THE COURT:

CBS, Inc. has petitioned this court for, *inter alia* a stay of an order (the "Order") issued by the United States District Court for the Eastern District of Louisiana on January 14, 1983, prohibiting CBS from broadcasting in any manner whatsoever a segment of its *60 Minutes* news program scheduled for showing at 6:00 p.m., CST on Sunday, January 16, 1983. The segment relates to the events at issue in the case of *United States v. McKenzie,* No. 81–281, cur-

rently pending in that court and scheduled for trial on February 7, 1983. The case presented to the district court a conflict between the first amendment protections of free speech and communication and the sixth amendment guarantee of a fair trial to those criminally accused. The district court, in issuing the Orders, came down on the side of the sixth amendment, and CBS has appealed to this court.

■■■ In general, a court, in deciding whether to issue a stay, must consider:

(1) whether the movant has made a showing of likelihood of success on the merits,

(2) whether the movant has made a showing of irreparable injury if the stay is not granted,

(3) whether the granting of the stay would substantially harm the other parties, and

(4) whether the granting of the stay would serve the public interest.

*Ruiz v. Estelle,* 666 F.2d 854, 856 (5th Cir. 1982) (*Ruiz II*) (quoting *Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir.1981) (*Ruiz I*)). *See also Florida Businessmen for Free Enterprise v. City of Hollywood,* 648 F.2d 956, 957 (5th Cir.1981); *Drummond v. Fulton County Department of Family and Childrens Services,* 532 F.2d 1001, 1002 (5th Cir.1976). While "the movant need not *always* show a 'probability' of success on the merits," he must "present a substantial case on the merits when a serious legal question is involved and show that *the balance of the equities,* [i.e., the other three factors] *weighs heavily in the favor of granting the stay."* *Ruiz II,* 666 F.2d at 856 (emphasis in original) (quoting *Ruiz I,* 650 F.2d at 565).

Under this standard, CBS must show either that it will probably succeed on the merits in its appeal of the Order or that it has presented a substantial case on the merits and that the balance of the equities weighs heavily in favor of granting a stay. For the reasons hereinafter set forth, we find that CBS has shown that it will probably succeed on the merits of its appeal of the Order and, accordingly, we grant the stay.

The Order is a prior restraint that bears a heavy presumption against its constitutional validity. *New York Times Co. v. United States,* 403 U.S. 713, 714, 91 S.Ct. 2140, 2141, 29 L.Ed.2d 822 (1971) (per curiam). On the other hand, the defendants' right to a fair trial by an impartial jury, guaranteed by the sixth amendment, is fundamental to the American scheme of justice. *Nebraska Press Association v. Stuart,* 427 U.S. 539, 551, 96 S.Ct. 2791, 2799, 49 L.Ed.2d 683 (1976) (quoting *Duncan v. Louisiana,* 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968)). The Supreme Court was presented with a similar confrontation between a prior restraint imposed to protect one vital constitutional guarantee and the explicit command of another that the freedom to speak and publish shall not be abridged in *Nebraska Press, supra.* The Court held in that case that before a trial court can issue an order amounting to a prior restraint (which it termed "one of the most extraordinary remedies known to our jurisprudence"), it must determine from the evidence before it (a) the nature and extent of pretrial news coverage; (b) whether other measures would be likely to mitigate the effects of unrestrained pretrial publicity; and (c) how effectively a restraining order would operate to prevent the threatened danger. The trial court must also consider the precise terms of the requested restraining order. *Nebraska Press,* 427 U.S. at 562, 96 S.Ct. at 2804. The Court held in *Nebraska Press* that the *record* in that case did not support the issuance of the order involved there.

In the case before us, the Order consists of one sentence and it is not supported by any findings whatsoever. It does not appear that an evidentiary hearing has been held. Further, the defendants requested only that CBS be enjoined from broadcasting the segment of *60 Minutes* at issue in the Dallas metropolitan area until after the commencement of the trial, whereas the Order is unlimited geographically and temporally. In addition to the scope of the Order, the principal aspect of the proceedings below that disturbs us is the absence of any indication in the record that the alternatives to prior restraint (including a continuance or a further change of venue), which were so heavily emphasized in *Nebraska Press,* were considered by the district court. Specifically, we note that the case law in this circuit provides detailed procedures for evaluating the effect of pretrial publicity on potential jurors before and during voir dire, all designed to protect the defendants' right to a fair trial by an impartial jury. *See generally, United States v. Hawkins,* 658 F.2d 279 (5th Cir. 1981), and cases cited therein. There has been no express finding here, and we are unwilling to speculate about the correctness of such a finding, had it been made, that those procedures are likely to be inadequate to protect the defendants' constitutional rights. In the absence of a record and findings by the district court reflecting careful consideration of the alternatives referred to in *Nebraska Press,* we must conclude that CBS has demonstrated a likelihood of success on appeal. This being so, we need not and do not reach the broader question whether an injunction in the nature of the Order could ever constitutionally be issued.

The Supreme Court has noted that the extraordinary protections afforded by the first amendment carry with them something in the nature of a fiduciary duty to exercise the protected rights responsibly. *Nebraska Press,* 427 U.S. at 560, 96 S.Ct. at 2803. The evident concern of the district court as to whether CBS has discharged that duty in this case is one that we share.

We note that CBS has requested mandamus relief or a stay pending appeal as to another order issued by the district court on January 14, 1983. We defer consideration of whether that relief should be granted until all parties have had an opportunity to file supplemental briefs further addressing the propriety of issuing the requested relief.

The Order is STAYED.