MOTION FOR STAY ORDER
DOUCET, Judge.
The mover-appellant, Jesse Johnson, has motioned this court for a stay order, in order to prevent the Louisiana State Livestock Sanitary Board (Board), from inspecting the appellant’s cattle on January 14, 1987.
The appellant obtained a Temporary Restraining Order, restraining proposed testing and identifying of his cattle that was to occur on October 15, 1986. The trial court held a hearing on October 15, 1986, wherein the trial court dismissed the mover-appellant’s suit requesting injunctive relief, on the grounds that the trial court was the improper venue, and the trial court lacked jurisdiction. The appellant has suspensively appealed that judgment, which was signed on October 17, 1986.
On December 2, 1986, the appellant again was contacted by registered mail and requested to have his cattle ready for testing for the disease known as brucellosis, pursuant to LSA-R.S. 3:2221 et seq.
The instant motion was filed to prevent this testing, on the grounds that if the testing was proceeded with, the appellant’s appeal would be moot, the appellant would suffer irreparable injury, and the defendant-appellee, Louisiana Livestock Sanitary Board, would not be injured or damaged in any way as there are allegedly hundreds of more herds in the State of Louisiana to test.
The appellant is procedurally correct in requesting a stay, because the sus-pensive appeal, though given by right, has no effect in this case. As there is no injunction in effect, the suspensive appeal accomplished nothing for plaintiff, since there is in reality nothing to suspend. Guillot v. Town of Lutcher, 368 So.2d 210 (La.App. *1095 4th Cir.1979), Murray v. City of Oakadale, 276 So.2d 368 (La.App. 3rd Cir.1973).
A stay, under these circumstances, is strictly discretionary as there is no right to such relief pending an appeal in this type of case. In re Slaughter House Cases, 77 U.S. 273, 10 Wall. 273, 19 L.Ed. 915 (1870), United States v. McKenzie, 697 F.2d 1225 (5th Cir.1983). The criteria the court must consider are:
1) whether the movant has made a showing of likelihood of success on the merits,
2) whether the movant has made a showing of irreparable injury if the stay is not granted,
3) whether the granting of the stay would substantially harm the other parties, and
4) whether the granting of the stay would serve the public interest. McKenzie, supra at 1226, and cases cited therein.
1.
The appellant’s case attacks the constitutionality of LSA-R.S. 3:2221, :2223, and :2093. These statutes have already been held constitutional in a prior suit. See Johnson v. Pearce, 313 So.2d 812 (La.1975). In that case Mr. Johnson, the mover, attacked the same statutes on the same grounds set forth in his present petition. Although 3:2093, as currently written, was not construed in that case, the rationale of that decision would undoubtedly find 3:2093 constitutional. The mover has previously been ordered by this court in Louisiana Livestock Sanitary Bd. v. Johnson, 335 So.2d 784 (La.App. 3rd Cir.1976), to do exactly what the defendant-appellee has requested.
For the above reasons there is no merit to a constitutional attack on these statutes.
2.
The grounds for alleging irreparable harm are not set forth in mover’s motion, except concerning the arguments that mover’s constitutional rights will be violated and the appeal will be moot.
The appeal will not be moot, as these statutes can affect the mover in the future, at any time, if the board has grounds for ordering the inspection of the appellant’s cattle. Thus, the issue of the statutes’ constitutionality will not be lost if the inspection of January 14, 1987 is held.
3.
Whether the other parties to this suit will be harmed if a stay is issued is calling for conclusions totally beyond the record this Court has to review. There is no evidence in the record to suggest the eradication program will not be interfered with or disrupted.
We find no need to discuss at length the weighing of equities, which is essentially what criteria (2), (3), and (4) of the McKenzie case are, because of the clear lack of merit to the plea of unconstitutionality.
For the foregoing reasons, the motion for a stay order is denied at mover’s cost.
MOTION DENIED.