MOTION FOR STAY OF APPEAL

hWOODARD, Judge.
In a “Second Amended and Restated Petition for Declaratory Judgment and Injunc-tive Relief’, plaintiffs-appellants requested temporary and permanent injunctive relief seeking to prohibit Tony Schwing and the shareholders committee from soliciting expressions of interest and offers, from disclosing the Bank’s books and records to potential acquirers and from negotiating a potential sale or merger of The New Iberia Bancorp, Inc. or The New Iberia Bank. In a judgment signed on March 29, 1995, the trial court granted in part and denied in part plaintiffs-appellants’ request for injunctive relief.
Subsequent to the trial court’s March 29, 1995, judgment, plaintiffs-appellants perfected an appeal of the judgment. The appeal has not been lodged with this court. On May 16, 1995, plaintiffs-appellants filed a “Motion for Stay Pending Unlodged RBut Perfected Appeal” seeking a stay of the trial court’s March 29,1995, judgment pending the appeal of said judgment.
In the interim, a trial on the merits was held and on May 22, 1995, the trial judge signed the judgment from the trial on the merits. On May 25, 1995, the trial judge signed an order granting plaintiffs-appellants a devolutive appeal from the May 22, 1995, judgment. Plaintiffs-appellants request this court to reform the Motion for Stay to reflect that it relates to the appeal from the May 22, 1995, judgment.
Turning to plaintiffs-appellants’ request for a stay pending the appeal, a brief review is necessary. Pursuant to plaintiffs-appellants’ request for a temporary restraining order, such order was issued which prohibited Jules A. Schwing and the Shareholders Committee from:
(1) activating or attempting to activate the so-called Shareholders Committee allegedly formed and constituted pursuant to Defendant’s Proposal 2;
(2) calling or holding a meeting of the so-called Shareholders Committee or requesting said committee to take any action or otherwise do any thing;
(3) directly or indirectly providing to third parties Bank records that are not generally available to the public information or data about Bancorp, the Bank or its depositors and customers that it not generally available to the public;
(4) directly or indirectly soliciting expressions of interest or offers from potential acquirers for the sale or merger of Ban-corp or the Bank;
(5) directly or indirectly negotiating the terms or provisions of a potential sale or merger of Bancorp or the Bank or negotiating any documents related to a sale or merger transaction.
The March 29, 1995, judgment granted plaintiffs-appellants’ request for preliminary injunction insofar as it prohibited Jules A. Schwing, any person, firm or corporation acting or claiming to act on his behalf, or any person acting in active concert with him from:
13(1) providing to third parties any documents, records, information or data not generally available to the public unless and *106 to the extent permitted by this order with reference to the items listed on Exhibit “A”, attached hereto, provided, however, with respect to documents or records available to shareholders Defendant is specifically restrained from disclosing any documents or records or information contained therein to the extent disclosure by Bank or Bancorp would be prohibited by any federal or state law, rule or regulation; or
(2)directly or indirectly negotiating any document of sale or merger of Bancorp or the Bank.
The March 29, 1995, judgment further provided, “It is understood that the Shareholders Committee is an advisory and recommending body engaged primarily soliciting offers and expressions of interest; as such for purposes of this Order, ‘negotiating any document of sale or merger’ is meant holding oneself out as having the right to execute or agree to the terms of an agreement or purporting to bind the Bank, Bancorp or its shareholders or otherwise obligate any of them to any document purporting to create enforceable rights to require, compel, or effect such sale or merger.”. The May 22, 1995, judgment made permanent the provisions of the preliminary injunction.
Plaintiffs-appellants seek a stay pending the appeal of the judgment on the permanent injunction as said judgment did not grant the entirety of the injunctive relief prayed for by plaintiffs-appellants. With respect to such a request for a stay, this court in Johnson v. La. Dept. of Agriculture, 502 So.2d 1094 (La.App. 3 Cir.1986) stated:
The appellant is procedurally correct in requesting a stay, because the suspensive appeal, though given by right, has no effect in this case. As there is no injunction in effect, the suspensive appeal accomplished nothing for plaintiff, since there is in reality nothing to suspend, [citations omitted]
A stay, -under these circumstances, is strictly discretionary as there is no right to such relief pending an appeal in this type of case, [citations omitted] The criteria the court must consider are:
14(1) whether the movant has made a showing of likelihood of success on the merits.
(2) whether the movant has made a showing of irreparable injury if the stay is not granted.
(3) whether the granting of the stay would substantially harm the other parties, and
(4) whether the granting of the stay would serve the public interest, [citations omitted]
Turning to plaintiffs-appellants’ application of the above factors to the instant case, plaintiffs-appellants assert they are likely to succeed on the merits as the activities engaged in by the shareholders committee are clearly beyond any legitimate authority that the shareholders committee could claim under Louisiana law.
In terms of irreparable injury, plaintiffs-appellants suggest they will be irreparably harmed if the shareholders committee is permitted to take actions designed to result in the sale of Bancorp or The New Iberia Bank. More specifically, plaintiffs-appellants suggest the shareholders committee’s actions could result in loss of key employees, depositors, and borrowers. Additionally, plaintiffs-appellants suggest they will be irreparably harmed by the committee’s disclosure of confidential information to potential acquirers. Finally, on the issue of irreparable harm, plaintiffs-appellants assert they are entitled to a stay without a showing of irreparable harm because the actions proposed by the shareholders committee violate Louisiana law.
Turning to the third factor listed above, plaintiffs-appellants assert the granting of a stay would not harm the other party as it is extremely unlikely that the value of the Bank would deteriorate in so short of a time. On the final factor listed above, plaintiffs-appellants assert granting a stay would serve the public interest since the actions of the shareholders committee are illegal and there is a strong public interest in the survival of this community bank.
|gD efendant-app ellee filed an opposition to the motion to stay. In said opposition, defendant-appellee asserts Bancorp’s request for a stay is premature as such request was not first presented to the district court. De *107 fendant-appellee also asserts plaintiffs-appellants misrepresent the purposes of the shareholders committee. Defendant-appellee reiterates the shareholders committee “... is merely an advisory committee, which is in no way empowered to usurp the functions of the board of directors to manage or effect a sale or merger of Bancorp or the Bank.”. According to defendant-appellee, the shareholders committee is simply acting as any shareholder of Bancorp, acting alone or in concert with others, would have the right to do under Louisiana law.
On the issue of disclosure of information by the shareholders committee to third persons, defendant-appellee asserts the committee’s powers, on the disclosure of information, are specifically limited to those which are permitted under Louisiana law.
As this court finds plaintiffs-appellants have failed to demonstrate irreparable harm will result if a stay is not granted, plaintiffs-appellants’ motion for stay pending the appeal is hereby denied.

MOTION FOR STAY DENIED.

AMY, J., dissents.