# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 19-251

US BANK, N.A., AS TRUSTEE SUCCESSOR BY MERGER TO FIRST STAR BANK, N.A., AS  TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2001-NCI

VERSUS

KAYLA GIVS OGLESBY, ET AL.

**********

APPEAL FROM THE
TWENTY SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 13-C-1522-C
HONORABLE ALONZO HARRIS

**********

## ELIZABETH A. PICKETT

## JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and Candyce G. Perret, Judges.


**MOTION TO STRIKE AMENDED MOTION FOR APPEAL GRANTED.**


Stephen W. Rider
Herschel C. Adcock, Jr.
Vicki A. Elmer
Natalie White
Jamie Alexandra Bruce
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor
New Orleans, LA 70130
(504) 586-1200
COUNSEL FOR PLAINTIFF/APPELLEE:
    U.S. Bank, N.A., as Trustee Successor by Merger to First Star Bank,
    N.A., as Trustee for New Century Home Equity Loan Trust

**Kayla Givs Oglesby**
**801 Duck Ave.**
**Eunice, LA 70535**
**DEFENDANT/APPELLANT:**
     **Pro Se**

**William Oglesby**
**4120 South Indiana Avenue, Apartment 1013**
**Chicago, Illinois  60653**
**DEFENDANT/APPELLEE:**
     **Pro Se**

**Pickett, Judge.**

On April 25, 2019, the plaintiff-appellee, U.S. Bank, N.A., as Trustee Successor by Merger to First Star Bank, N.A., as Trustee for New Century Home Equity Loan Trust, filed a Motion to Strike the Amended Motion and Order for Devolutive Appeal and the Trial Court's Order on the Amended Motion for Devolutive Appeal. For the following reasons, we grant the motion to strike.

On April 8, 2013, the plaintiff filed the instant foreclosure action against the defendant-appellant, Kayla Givs Oglesby. On November 27, 2018, the defendant, pro se, filed an "Injunction to Arrest the Seizure of Sheriff Sale," seeking to enjoin the pending sale of the property subject to foreclosure. The trial court denied the petition on January 28, 2019. On February 27, 2019, the defendant filed a Motion and Order for Devolutive Appeal which was granted that same day, setting a return date of March 28, 2019. This court issued its Notice of Lodging and Briefing Order on April 1, 2019.

On April 2, 2019, the defendant filed, in the district court, an Amended Motion and Order for Devolutive Appeal, seeking the suspension of the pending April 10, 2019 sheriff's sale of the property. An order granting the motion and suspending the sheriff's sale until the resolution of this appeal was signed by the trial court on April 3, 2019.

The plaintiff argues that the defendant did not notify it of her amended motion for appeal as required by La.Code Civ.P. art. 1313; thus, the plaintiff was not provided an opportunity to object to the motion. The plaintiff states that it first learned of the motion when it received the Amended Notice of Appeal on April 8, 2019.

Next, the plaintiff asserts that the defenses to an executory proceeding and writ of seizure and sale are set forth in La.Code Civ.P. art. 2642 as follows:

> A. Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.

> B. A suspensive appeal from an order directing the issuance of a writ of seizure and sale shall be taken within fifteen days of service of the notice of seizure as provided in Article 2721. The appeal is governed by the provisions of Articles 2081 through 2086, 2088 through 2122, and 2124 through 2167, except that the security therefor shall be for an amount exceeding by one-half the balance due on the debt secured by the mortgage or privilege sought to be enforced, including principal, interest to date of the order of appeal, and attorney fees, but exclusive of court costs.

Pursuant to Article 2642, to enjoin the sheriff's sale, the plaintiff maintains that the defendant was required to file a suspensive appeal and post security. Instead of seeking a suspensive appeal as mandated by Article 2642, more than five years after the writ of seizure and sale was issued, the defendant filed for injunctive relief.

Additionally, the plaintiff argues that a devolutive appeal "does not suspend the effect or the execution of an appealable order or judgment." La.Code Civ.P. art. 2087(A). Further, pursuant to La.Code Civ.P. art. 3612, "you cannot have a suspensive appeal from a judgment refusing to grant a preliminary injunction, for if there was no injunction issued, there is nothing to suspend. *Hibernia National Bank of New Orleans v. Mary*, 167 So.2d 200 (La.App.4th Cir., 1964); *Utah-Louisiana Investment Company v. International Development, Inc.*, 262 So.2d 553 (La.App.1st Cir.[] 1972)." *Murry v. City of Oakdale*, 276 So.2d 368, 371 (La.App. 3 Cir.1973).

Louisiana Code of Civil Procedure Article 3612 provides:

A. There shall be no appeal from an order relating to a temporary restraining order.

B. An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.

C. An appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.

D. Except as provided in this Article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.

The plaintiff argues that the defendant's Amended Motion and Order for Devolutive Appeal actually sought a suspensive appeal which is not allowed from the denial of an injunction. Even if the law allowed a suspensive appeal, the plaintiff maintains that a suspensive appeal requires the trial court to set security in an amount exceeding one-half the balance on the debt to be timely posted by the defendant. La.Code Civ.P. art. 2642. The plaintiff concludes that the defendant's motion was contrary to applicable law.

The plaintiff also argues that at the time the defendant filed the motion, the instant appeal was already lodged in this court; thus, under La.Code Civ.P. art. 2088, jurisdiction was vested in this court. Article 2088 provides:

A. The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:

(1) Allow the taking of a deposition, as provided in Article 1433;

3

(2) Extend the return day of the appeal, as provided in Article 2125;

(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;

(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;

(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;

(6) Grant an appeal to another party;

(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;

(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;

(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or

(10) Set and tax costs and expert witness fees.

B. In the case of a suspensive appeal, when the appeal bond is not timely filed and the suspensive appeal is thereby not perfected, the trial court maintains jurisdiction to convert the suspensive appeal to a devolutive appeal, except in an eviction case.

The plaintiff concludes that the defendant's motion, as well as her attempt to improperly convert her devolutive appeal to a suspensive appeal without security, was untimely.

In opposition, the defendant argues that she filed the motion and followed the trial court's procedure with a certificate of service as requested. The defendant maintains that the clerk of court subsequently mailed out notices to all parties involved in the case. As such, the defendant moves this court to deny the motion

4

to strike and allow the continuation of the suspension of the sheriff's sale pending resolution of this appeal.

We find that upon its grant of the defendant's original Motion and Order for Devolutive Appeal on February 27, 2019, the trial court was divested of jurisdiction at the time the defendant's Amended Motion and Order for Devolutive Appeal was filed. As such, the trial court was without jurisdiction to consider the defendant's motion. Accordingly, we hereby grant the plaintiff's Motion to Strike the Amended Motion and Order for Devolutive Appeal, striking the motion and the trial court's order granting the motion and suspending the sheriff's sale of the property at issue. Defendant's appeal of the January 28, 2019 judgment will proceed as a devolutive appeal. The remaining issues raised by the plaintiff are rendered moot.

**MOTION TO STRIKE AMENDED MOTION FOR APPEAL GRANTED.**