NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 23-557


PATRIOT CONSTRUCTION &

INDUSTRIAL, LLC

VERSUS

BUQUET & LEBLANC, INC.



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2023-3340
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

D. KENT SAVOIE

JUDGE

**********

Court composed of Shannon J. Gremillion, D. Kent Savoie and Gary J. Ortego, Judges.


MOTION FOR STAY OF ARBITRATION GRANTED.

**John M. Madison, III**
**Gerald J. Asay**
**Kracht Madison Huddleston, LLP**
**5149 Bluebonnet Boulevard**
**Baton Rouge, LA 70809**
**(225) 293-4568**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Buquet & Leblanc, Inc.**
     **Hartford Fire Insurance Company**

**Michael R. Dodson**
**Fishman Haygood, LLP**
**201 St. Charles Avenue, 46th Floor**
**New Orleans, LA 70170-4600**
**(504) 586-5252**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Patriot Construction & Industrial, LLC**

**SAVOIE, Judge.**

Plaintiff-Appellant, Patriot Construction and Equipment, L.L.C. (Patriot), has filed a Motion for Stay of Arbitration pending the instant appeal. For the reasons stated herein, we grant the motion.

On April 16, 2021, Appellee, Buquet & Leblanc, Inc. (B&L), was hired by Arbours at Lafayette, L.L.C. to serve as the general contractor to build an apartment complex known as the Arbours of Lafayette. B&L subsequently entered into a subcontract with Patriot to perform sitework on the project. Disputes arose between B&L and Patriot. On March 28, 2023, B&L initiated arbitration proceedings against Patriot with the American Arbitration Association. In response to the demand for arbitration, Patriot filed a Petition for Damages and Injunctive Relief in the Fifteenth Judicial District Court against B&L and Hartford Fire Insurance Company (Hartford). In the same proceeding, Patriot also filed a Motion for Temporary Restraining Order and Preliminary Injunction, seeking to enjoin B&L and Hartford from proceeding with arbitration until the merits of the underlying lawsuit were decided. Following a hearing on Patriot's Motion for Temporary Restraining Order and Preliminary Injunction held on July 17, 2023, the motion was denied. Patriot moved to stay the ruling pending an appeal, and the motion was denied. A written judgment was signed on July 19, 2023. Patriot filed a motion for a devolutive appeal on July 26, 2023, which was granted that same day.

After the appeal was lodged in this court, Patriot filed the instant motion for stay of arbitration pending the appeal. Patriot asserts that the arbitration proceeding should be stayed pending this appeal to preserve its right to appellate review and to avoid the expense and time delay from arbitrating a case that is not subject to arbitration. Patriot refers to *New Iberia Bancorp, Inc. v. Schwing*,

95,638, pp. 3-4 (La.App. 3 Cir. 8/23/95), 663 So.2d 104, 106, wherein this court addressed four factors to consider in exercising its discretion to order a stay pending an appeal:

> Plaintiffs-appellants seek a stay pending the appeal of the judgment on the permanent injunction as said judgment did not grant the entirety of the injunctive relief prayed for by plaintiffs-appellants. With respect to such a request for a stay, this court in *Johnson v. La. Dept. of Agriculture,* 502 So.2d 1094 (La.App. 3 Cir.1986) stated:
>
> > The appellant is procedurally correct in requesting a stay, because the suspensive appeal, though given by right, has no effect in this case. As there is no injunction in effect, the suspensive appeal accomplished nothing for plaintiff, since there is in reality nothing to suspend. [citations omitted]
> >
> > A stay, under these circumstances, is strictly discretionary as there is no right to such relief pending an appeal in this type of case. [citations omitted] The criteria the court must consider are:
> >
> > > (1) whether the movant has made a showing of likelihood of success on the merits.
> > > (2) whether the movant has made a showing of irreparable injury if the stay is not granted.
> > > (3) whether the granting of the stay would substantially harm the other parties, and
> > > (4) whether the granting of the stay would serve the public interest. [citations omitted]

Patriot contends that each factor is satisfied here. Patriot asserts that it is likely to succeed on the merits of its appeal. Patriot states that the trial court made two errors in reaching its decision. First, the trial court erred in finding a binding contract that encompassed a set of draft terms that were never executed and that the parties did not follow during performance of the site work. Second, the trial court declined to rule on the exact existence of an agreement as such a finding would be an advisory opinion. Both reasons, Patriot maintains, demonstrate that it is likely to succeed on the merits of the appeal.

2

Patriot also argues that it will be irreparably harmed if the stay is not granted. Patriot states that Louisiana has long recognized that a party is irreparably harmed if it is required to arbitrate without an agreement. Patriot urges that it did not agree to arbitrate and that a decision requiring it do so would constitute irreparable harm. A denial of this motion, Patriot maintains, would threaten to undermine a meaningful opportunity for review of this appeal. If the arbitration proceeding progresses before a ruling from this court on appeal, Patriot will have been forced to incur the delay and expense associated with litigating in an unauthorized arbitration.

Next, Patriot contends that granting the stay will not harm B&L or any other party. Patriot points out that the arbitration proceeding has not yet progressed, and thus, there are no deadlines or other dates set in the proceeding. Patriot adds that the only potential harm to B&L is delay which is neither substantial nor sufficient to override Patriot's interest in having this court review whether a valid agreement to arbitrate exists.

Lastly, Patriot argues that granting the stay would serve the public interest by ensuring that arbitration is only ordered when required and appropriate.

In opposition to the motion for stay of arbitration, B&L and Hartford note that the underlying litigation was filed by Patriot Construction & Industrial, L.L.C., and the trial court granted an order of appeal to Patriot Construction & Industrial, L.L.C. However, the appeal and the motion for stay of arbitration were filed on behalf of Patriot Construction & Equipment, L.L.C., a separate entity from Patriot

Construction & Industrial, L.L.C. As such, B&L and Hartford maintain that the motion should be stricken or denied.[1]

B&L and Hartford also argue that the motion for stay of arbitration seeks to usurp the appeal process. B&L and Hartford assert that the pending appeal seeks to reverse the trial court's denial of Patriot's motion for preliminary injunction which sought to enjoin/stay a pending arbitration proceeding. Likewise, B&L and Hartford state that the motion to stay also seeks a reversal of the trial court's decision by requesting a stay of the same arbitration proceeding. If granted, B&L and Hartford maintain that the stay will usurp the appellate process by effectively overruling the trial court's denial of Patriot's preliminary injunction before this court's ruling on the merits of the instant appeal.

Next, B&L and Hartford argue that the motion to stay is a deficient writ application. B&L and Hartford refer to Uniform Rules, Courts of Appeal, Rule 4-4(A) which reads:

> When an application for writs is sought, further proceedings may be stayed at the trial court's discretion. Any request for a stay of proceedings should be presented first, to the trial court. The filing of, or the granting of, a writ application shall not stay further proceedings unless a trial court or the Court of Appeal expressly orders a stay.

B&L and Hartford assert that the term "further proceedings" relates only to proceedings in the trial court and does not include an arbitration proceeding administered by the American Arbitration Association. B&L and Hartford maintain that Patriot's motion for stay of arbitration is a request for a stay of proceedings in conjunction with a writ application as referenced in Rule 4-4. As such, the motion does not comply with the requirements for a writ application set forth in Rule 4-1, et al.

---

[1] B&L and Hartford have also filed a Motion to Dismiss the appeal, arguing that Patriot Construction & Equipment, L.L.C. is not a proper party and lacks standing to appeal the denial of Patriot Construction & Industrial, L.L.C.'s motion for preliminary injunction.

4

Lastly, B&L and Hartford argue that the motion for stay violates La.Code Civ.P. art. 3612, which reads, in pertinent part:

> B. An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
>
> C. An appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.

B&L and Hartford assert that Patriot's motion for stay of arbitration is in effect an improper motion for suspensive appeal, without bond, of the denial of Patriot's motion for preliminary injunction. B&L and Hartford add that a suspensive appeal from a denial of a preliminary injunction is inappropriate since there is no injunctive order to suspend. Therefore, B&L and Hartford state, Patriot's motion for stay of arbitration seeks the same relief provided by a preliminary injunction by asking this court to suspend arbitration pending the appeal. B&L and Hartford contend that this is improper as explained in *United Companies Lending Corp. v. Hall*, 97-2525, pp. 3-4 (La.App. 1 Cir. 11/6/98), 722 So.2d 48, 50:

> When the preliminary injunction to arrest the seizure and sale is denied, there is in effect no judgment to suspend. The issue to be addressed in this case was most clearly articulated in *Acme Mortgage Co., Inc. v. Cross*, 464 So.2d 945, 946–947 (La.App. 4th Cir.1985):
>
> > A suspensive appeal taken within fifteen days from the issuance of the writ of seizure and sale suspends its execution during the pendency of the appeal, and the property cannot be sold. On the other hand, if a defendant chooses to seek injunctive relief and the Trial Court denies it, there is no right to a suspensive appeal, La. C.C.P. art. 3612, and while there is a right to a devolutive appeal, more probably than not, the property will be sold while the appeal is pending.
> >
> > Louisiana Code of Civil Procedure Article 3612 provides that it is within the court's discretion to suspend an article

relating to an injunction during the pendency of an appeal. However, in cases such as this one, where the Trial Court has refused to grant a preliminary injunction, a suspensive appeal is inappropriate since there is no injunctive order to suspend. *Hibernia National Bank v. Mary*, 167 So.2d 200 (La.App. 4th Cir.), *writ denied* 246 La. 876, 167 So.2d 826 (La.1946[1964]). Furthermore, as we stated in *Hibernia*, and reiterated in our order denying writs in this case (No. C–1077, Aug. 29, 1983):

> To interpret the stay order, as evidently intended by the respondent judge, to apply to the proceeding of executory process would allow to be done indirectly that which there is no authority to do directly, namely, to operate as a supensive appeal from executory process, after the right to such appeal has passed, and then for a nominal bond. Such interpretation would seriously impair and to a large extent nullify the operation of the laws relating to executory process. This obviously is not the intent of Article 3612. To allow the stay order to stop the executory process amounts to a nullification of the court's judgment denying injunction. It grants the pricise [sic] relief the court intended to deny. It is a contradiction on its face. If indeed such was the court's intent, it should have granted the injunction.

B&L and Hartford conclude that it is improper for this court to stay arbitration after the trial court denied the request. To allow Patriot to stay arbitration pending the appeal is akin to this court's granting of a suspensive appeal, without bond, which is improper.

In reply to B&L and Hartford's opposition, Patriot argues that its motion for stay of arbitration is undisputed on the merits. Instead, the opposition relies on procedural arguments which have no merit. Patriot urges that its motion should be deemed unopposed by this court.

Patriot states that B&L and Hartford improperly attempt to seize upon a typographical error in Patriot's name. Patriot explains that the reference to Patriot

6

Construction & Equipment, L.L.C. rather than Patriot Construction & Industrial, L.L.C. was a typographical error. Patriot maintains there is no plausible basis for B&L and Hartford to assert they were confused or misled as to the party that was submitting the filings. Each filing, Patriot adds, referenced that it was being submitted by "Plaintiff-Appellant" and was filed by counsel that represented Patriot Construction & Industrial, L.L.C. in the lower court. Further, the first line of Patriot's appellant's brief defines Patriot as "Patriot Construction & Industrial, L.L.C. Patriot asserts that Louisiana law has long recognized that typographical errors do not justify denying substantive relief. *See Homer College v. Vaughn*, 18 La. Ann. 525 (La.1866) and *Succession of Marion*, 164 So. 625 (La.1935). Patriot concludes that a simple and obvious typographical error does not justify a denial of the motion.

Next, Patriot contends that the motion for stay of arbitration does not usurp the appellate process and is not a deficient writ. Patriot asserts that the factors for determining whether to grant a stay pending appeal were taken from this court's opinion in *New Iberia Bancorp, Inc.*, 663 So.2d 104, which involved an appeal from a decision denying, in part, a claim for injunctive relief. As such, Patriot states that this court has expressly acknowledged that a motion for a stay of the proceedings pending appeal is procedurally proper.

Patriot also asserts that La.Code Civ.P. art. 3612 contemplates a stay pending an appeal without regard to the rules governing writ applications. Patriot adds that the language of Article 3612 allows for appeals of orders or judgments "relating to" a preliminary injunction; thus, Article 3612 applies to orders denying preliminary injunctions as well as orders granting such relief. *See Country Club of*

7

*La. Property Owners Ass'n, Inc. v. Dornier*, 96-898 (La.App. 1 Cir. 2/14/97), 691 So.2d 142.

Next, Patriot asserts that B&L and Hartford's reliance on *United Companies Lending Corp.*, 722 So.2d 48, is misguided. Patriot maintains that the court's reasoning and reference to the fact that a stay pending appeal of an executory proceeding would frustrate the intent behind the requirement of a suspensive appeal within fifteen days of notice of the seizure and sale indicates that the rule discussed therein is unique to executory proceedings.

Lastly, Patriot urges, the law is clear that the stay sought herein is allowed. In *New Iberia Bancorp, Inc.*, 663 So.2d 104, the court analyzed whether a stay should be granted that would prevent a shareholders committee from meeting. In *Johnson*, 502 So.2d 1094, the court analyzed whether a stay should be entered pending appeal that would prevent testing by the Louisiana Department of Agriculture for brucellosis in cattle. In *A&B Valve & Piping Sys., L.L.C. v. Comm Metals Co.*, 09-1535 (La.App. 3 Cir. 1/27/10), 28 So.3d 1202, this court upheld its decision to stay an arbitration proceeding pending an appeal of a judgment holding that Texas law applied and that arbitration was required. Patriot concludes that this court has the authority to restrain conduct pending appeal "in the interests of justice."

We find that pursuant to La.Code Civ.P. art. 3612, it is within this court's discretion to order a stay until the appeal has been decided. We also find that Patriot has satisfied the four factors warranting a stay set forth in *New Iberia Bancorp, Inc.*, 663 So.2d 104. Accordingly, we grant Patriot's motion for stay of arbitration pending this court's review in the instant appeal.

**MOTION FOR STAY OF ARBITRATION GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.